Betty J. WILLIAMS, Appellant,

v.

Edward HIDALGO, Secretary,
Department of Navy.

No. 79–2145.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 31, 1980.

Decided Dec. 11, 1980.

Joseph B. Scott, Washington, D. C., for appellant. Irving Kator, Washington, D. C., was on the brief, for appellant.

Kenneth M. Raisler, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Asst. U. S. Atty., and Richard H. Swan, Sp. Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before WRIGHT, Chief Judge, and McGOWAN and MacKINNON, Circuit Judges.

Opinion for the Court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge.

Appellant, Betty J. Williams, successfully pursued a claim of employment discrimination against the Department of Navy at the administrative level. The Department,

however, refused to award her attorney's fees, claiming it had no authority to do so. Appellant was thus forced to bring an action to recover her attorney's fees in district court. The Secretary of Navy moved to dismiss appellant's complaint for lack of subject matter jurisdiction, arguing that Williams had not filed her complaint within thirty days of receipt of notice of final agency action. The district court granted the Secretary's motion, and Williams has appealed. We reverse.

I

Williams is a female, black employee in the Automatic Data Processing Selection Office (Selection Office) of the Department of Navy. On October 13, 1976 she filed a formal complaint with the Department claiming discrimination on the basis of sex and race. Among other things, Williams claimed that she had been the subject of unlawful discrimination by being denied a promotion and a within-grade pay increase, and by having her performance labeled as "marginally satisfactory." Appellant requested appropriate relief and attorney's fees. On June 6, 1977, according to the complaint, appellant was told by Navy officials that no basis could be found for her charge of discrimination, and was advised of her right to a hearing. On September 21, 1977 appellant requested a final decision by the Secretary of the Navy or his designee under 5 C.F.R. § 713.221(b)(3) (1978) (current version at 29 C.F.R. § 1613.-221(b)(3) (1979)). Instead of issuing a final decision, however, the Navy Employees Review Board initiated a supplemental investigation. This led to a report issued on April 28, 1978.

The Director of the Selection Office subsequently gave appellant a written notice dated June 15, 1978 of a proposed disposition of her discrimination complaint which indicated that he found "substantial basis for [Williams'] discrimination complaint." Joint Appendix (App.) at 1. He proposed to grant Williams her within-grade pay increase and to change her performance rating from marginal to fully satisfactory. The Director denied appellant's claim for a promotion and her request for attorney's fees. The Director gave the following reason for refusing to award attorney's fees: "This activity does not have the authority under the Equal Employment Opportunity Act of 1972 . . . to award attorney's fees. I propose to deny your request for an award of attorney's fees." *Id.* at 2.[1] The proposed disposition also notified appellant of her right to a decision by the Secretary of Navy or his designee, with or without a hearing.

Finally, and of special importance to this appeal, the proposed disposition stated:

If you fail to notify the undersigned of your wishes within the 15 day period, the EEO Officer may adopt as the Department's final decision the proposed disposition shown above and *will so notify you in writing.* Upon receipt of notification, you may appeal to the Civil Service Commission's Appeals Review Board within 15 calendar days or file a civil action in a Federal District Court within 30 days.

*Id.* (emphasis added).

Within the fifteen-day period, on June 28, 1978, appellant's lawyer responded to the notice of proposed disposition by notifying the Department of Williams' acceptance of its terms except that she refused to accept the denial of attorney's fees. His letter stated:

As to attorney fees, we do not accept your denial; we understand the Civil Service Commission is preparing regulations which will provide for an award of attorney fees where the complainant is a prevailing party as a result of the administrative process. We understand that the

---

1. The Equal Employment Opportunity Commission, to which the authority to administer Title VII for federal employees was transferred by Reorganization Plan No. 1 of 1978, see note 3 *infra,* promulgated interim regulations authorizing agencies to award attorney's fees to Title VII complainants on April 9, 1980. Permanent regulations have not yet been issued, but the interim regulations have been in force since April 11, 1980. 45 Fed.Reg. 24,130 (1980) (to be codified in scattered subsections of 29 C.F.R. § 1613).

regulations are not in final form and therefore we are prepared as the prevailing party in this matter to move into court to justify an award of attorney fees.

*Id.* at 4.

The parties memorialized their settlement of the discrimination complaint in a document entitled "Agreement Between Automatic Data Processing Selection Office and Ms. Betty Williams." [2] This agreement makes no reference to appellant's right to bring an action in court, or to the thirty-day time limit for bringing such actions. The signature of the final party (Williams) to the agreement was affixed on August 15, 1978. Thus the action of the agency became final on that date. On November 28, 1978 appellant received retroactive payment of her within-grade increase. Twenty-one days later on December 20, 1978 appellant filed her complaint in district court seeking "payment of a reasonable attorney's fee."

## II

The question presented is whether Williams' complaint was timely filed. Title VII provides that

[w]ithin thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section . . . on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, . . . an employee . . ., if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e–5 of this title . . . .

42 U.S.C. § 2000e–16(c) (1976).

Appellant argues that it was only when the Secretary of Navy retroactively instituted her within-grade pay increase, which became effective by receipt of retroactive payment on November 18, 1978, that the Department's action became final. Thus, appellant argues, since she filed her complaint within thirty days of November 18, it was timely filed. This argument misses the mark. Common sense suggests final action in the matter occurred on August 15, 1978 when the last signature was affixed to the agreement. The problem we confront is whether proper notice of its action was given to the employee by the agency.

The position of the Secretary of Navy, which was apparently adopted by the district court, is easy to state. The Secretary argues that Williams received notice of final action either "by the Director's June 15, 1978, notice, by appellant counsel's acceptance of the proposed settlement on June 26, 1978, or by the August 15, 1978, signing of the 'final resolution' settlement by appellant. Even assuming receipt of notice on the latest date, August 15, appellant still waited over four months to file her claim in District Court." Appellee's Brief at 6.

The major problem with this argument is that it overlooks the fact that the "notice" never included any statement as to appellant's right to proceed in court within thirty

---

**2.** Agreement Between Automatic Data Processing Selection Office and Ms. Betty Williams

Subject: Agreement of settlement/withdrawal of the discrimination complaint of Ms. Betty Williams filed 6 October 1976

1. The undersigned agree to the terms listed below as final resolution and basis for termination of the discrimination complaint. It is hereby agreed that:

a. The Activity (ADPSO) will grant Ms. Williams a within-grade increase retroactive to 28 March 1976.

b. The Activity will change Ms. Williams' official performance rating from marginal to fully satisfactory for the period of 1 April 1975 to 31 March 1976.

c. The complainant, Ms. Williams, will withdraw the requested relief of promotion to GS–9.

d. The Activity does not have the authority to award attorney's fees to prevailing parties.

2. It is further agreed that the Activity will provide copies of the new performance rating and the Standard Form 50 effecting the retroactive within-grade increase to the complainant and her representative.

/s/ E. C. ROOK, JR    7/17/78

Director, ADPSO    (Date)

/s/ BETTY WILLIAMS    15 Aug 78

Complainant    (Date)
/s/ I. KATOR    August 9, 1978

Complainant's    (Date)
Representative

App. at 6.

days. A Civil Service Commission regulation in force during the relevant time stated that "[a]n agency *shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing*, in any final action on a complaint under §§ 713.215, 713.217, 713.220, or § 713.221." 5 C.F.R. § 713.282 (1978) (emphasis added) (current version at 29 C.F.R. § 1613.282 (1979)).[3]

Appellee notified Williams of her right to sue and of the thirty-day time limit only once, in the Director of the Selection Office's notice of proposed disposition. However, this notice only referred to her right to file an action if she did *not* notify the agency of her position with respect to the proposed disposition within 15 days. Thus, even if that were deemed a "notice" it could not be considered as notice either of final action by the Department on Williams' claim (which did not become effective until later) or of a thirty-day time limit on her right to bring a civil action if she were dissatisfied with the subsequent final action. Also, the notice clearly referred to further action, and before that occurred the action could not be considered as final. The notice indicated that if appellant failed to notify the Director within fifteen days, "the EEO Officer may adopt as the Department's final decision the proposed disposition shown above and *will so notify you in writing*." App. at 2 (emphasis added). Thus, the proposed disposition could only become final by appellant failing to tell the Director of the position she took with respect to the proposed disposition, by the

EEO Officer then exercising his discretion to adopt the proposed disposition with or without any modification suggested by Williams, and by the Department sending appellant an appropriate final notice. None of these circumstances occurred. Appellant notified the Director of her position on the proposal within fifteen days. This led to the agreement completed by her final signature on August 15, 1978.

Assuming arguendo that signing the settlement agreement constituted notice of final action by the agency, such notice is deficient in failing to give Williams notice (1) of her right to file a civil action and (2) of the thirty-day time limit on filing such action. Absent compliance with the regulation that requires the Department in its notice of final action to inform appellant of her right to sue within thirty days, it was improper for the district court to dismiss appellant's complaint as untimely. Had the agreement indicated that the position of "the Activity" that it had no authority to award attorney's fees did not foreclose an award by the court,[4] and that a court action for such award must be brought within thirty days from date thereof, the regulation would have been fully satisfied. But no such notice was given.

The Secretary suggested at oral argument that 5 C.F.R. § 713.282 does not apply to the present situation since it requires notice of the right to sue and of the thirty-day limitation only "in any final action on a complaint under §§ 713.215, 713.217, 713.220, or § 713.221." 5 C.F.R. § 713.282 (1978) (current version at 29 C.F.R. § 1613.282

---

3. The responsibility for enforcing equal opportunity in federal employment was transferred from the Civil Service Commission to the Equal Employment Opportunity Commission by section 3 of the President's Reorganization Plan No. 1 of 1978, 3 C.F.R. 321 (1979), *reprinted in* 42 U.S.C. § 2000e–4 app. (Supp. II 1978) *and in* 92 Stat. 3781 (1978). The transfer was effective as of October 1, 1978. *Id.* The Equal Employment Opportunity Commission adopted most of the regulations that the Civil Service Commission had previously promulgated and moved the regulations to 29 C.F.R. part 1613, effective January 1, 1979, 43 Fed.Reg. 60,900 (1978).

4. In *New York Gas Light Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), the Supreme Court recognized the right of a successful claimant under Title VII (as it applies to private employment) to obtain an award of attorney's fees for work done in administrative proceedings.

> Since it is clear that Congress intended to authorize fee awards for work done in administrative proceedings, we must conclude that § 706(f)(1)'s authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings.

*Id.* at 2032.

(1979)). Appellee contended that the method by which this dispute was resolved—mutual agreement on a proposed settlement—does not fit within any of the four stated sections. However, we feel that the agency's action on the request for attorney's fees does come within such regulations. We believe that the Department took its final action pursuant to section 713.217. As appellee recognizes in his brief, "the Director of the Automatic Data Processing Selection Office issued a notice of proposed disposition of Appellant's discrimination complaint, pursuant to 5 C.F.R. § 713.217, on June 15, 1978 . . . ." Appellee's Brief at 3. Final Department action—the drafting and signing of the agreement—resulted from the parties' mutual assent to the terms of the notice of proposed disposition issued pursuant to section 713.217.

*Coles v. Penny*, 531 F.2d 609 (D.C.Cir. 1976), supports our result. *Coles* presented a situation where the 1972 amendment extending Title VII to federal employment applied to a claim of racial discrimination but the regulations of the Civil Service Commission implementing that amendment, including section 713.282, did not because they had not then been promulgated. Coles had been denied relief on a charge of discrimination, but had failed to file suit in court within thirty days of the agency's notice to him of its adverse decision. The court nevertheless found that Coles was not precluded from bringing his suit because the agency's notice of final action had not informed Coles of his right to sue in court within thirty days. The court held that *the statute itself* required that notice of final agency action *include notice of the right to sue and of the thirty-day limitation. Id.* at 614.

The district court in this case attempted to distinguish *Coles* by noting the court's reliance on Coles' status as a *pro se* complainant, whereas Williams was at all relevant times represented by counsel. Although the *Coles* court viewed Coles' *pro se* status as a factor weighing in favor of requiring the agency to include in its notice of final action notice of the right to sue and of the thirty-day limitation, we do not interpret *Coles* as requiring such notice only when the complainant proceeds *pro se.* The *Coles* court reached its conclusion, "that the statute standing alone does require such notice" "to the aggrieved party of his right to bring a civil action and the thirty-day limitation thereon," *id.,* on the basis of the legislative history of the applicable statutory section. Congress had knowledge when it adopted the provision that an earlier analogous provision in Title VII respecting private employees had been implemented by Equal Employment Opportunity Commission regulation that required such notice. The earlier regulation was not limited to *pro se* litigants. However, the fact that many Title VII complainants act *pro se* is a valid reason for requiring notice of the limitation in *all* notices of final agency action since one can never determine in advance whether an employee may thereafter proceed *pro se.* We conclude *Coles* is controlling here and that the Department of Navy, in order to start the running of the time limitation of the statute, was required by regulation, statute and by court decision to notify Williams of her right to sue in federal court and of the thirty-day limit for bringing such an action.

### III

One further argument made by appellee requires our attention. In a footnote in his brief, the Secretary states: "Because the thirty-day limit is jurisdictional, the requirement of notice, if any at all, must be limited. *See Eastland v. Tennessee Valley Authority,* 553 F.2d 364, 368 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977)." Appellee's Brief at 8. The Fifth Circuit held in *Eastland v. TVA* that because the thirty-day statutory time limit for bringing an action in federal court is jurisdictional, no administrative regulation can expand that time by requiring more notice than the statute requires. The court argued that "to replace the notice required by 42 U.S.C. § 2000e–16(c) with the notice specified in the Civil Service Commission's own regulation, 5 C.F.R. §§ 713.234, 713.282, would be an improper

extension of the jurisdiction of the federal courts by an administrative agency." 553 F.2d at 369.

But even if the thirty-day jurisdictional limit is to be strictly construed, it is not impermissibly extended by this decision. Title VII does not start the running of the thirty-day period from the date of final agency action; the statute reads— "[w]ithin thirty days of *receipt of notice* of final action . . . an employee . . . may file a civil action . . . ." 42 U.S.C. § 2000e–16(c) (1976) (emphasis added). Only when the employee receives proper notice does the time period begin. *Mahroom v. Hook*, 563 F.2d 1369 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Coles v. Penny*, 531 F.2d 609 (D.C. Cir.1976). As we held in *Coles* the statute itself requires that proper notice include notification to the employee of her right to sue and of the thirty-day limitation period.

Williams never received proper notice, and therefore the thirty-day period has never begun. This does not mean that the Department never took final action. We decline to follow the Third Circuit's decision in *Allen v. United States*, 542 F.2d 176 (3d Cir. 1976), holding that failure to give proper notice of final agency action renders that action non-final. We merely hold that the statutory thirty-day period does not begin to run until proper notification of final action and of the right to sue within thirty days is received by the employee.

## IV

The question remains of the status of appellant's complaint. Was it filed "[w]ithin thirty days of receipt of *notice* of final action" when a proper notice was never given? Since no such notice has been given it is obvious that the thirty-day limitation has not begun to run. What then? We note that the same provision of Title VII that contains the thirty-day limitation also includes a method by which an employee can get into court when an agency does not "take final action."

"[A]fter one hundred and eighty days from the filing of the initial charge with the department . . . an employee . . . , if aggrieved . . . by the failure to take final action on his complaint, may file a civil action . . . ."

42 U.S.C. § 2000e–16(c) (1976). This provision does not help appellant since the Department has in fact taken its final action. Congress in section 2000e–16(c) has thus provided two methods for complainants to get into court: (1) after the agency or department finally acts, and (2) after 180 days if the agency or department fails to act.

We conclude from the structure of section 2000e–16(c) that an aggrieved employee can bring an action in court after the department or agency has finally acted on his or her complaint, subject to the department or agency's power to cut that right off after thirty days by issuing proper notice. When an agency or department has taken final action but has failed to issue a proper notice, we determine that an employee can bring an action in district court within a reasonable time. Of course, when the agency neglects to issue proper notice the right to sue would not continue forever because of the defense of laches. In this case, however, Williams' complaint was timely filed in district court on December 20th, four months and five days after the agency action became final on August 15th.[5] The district court's judgment is accordingly reversed.

*Judgment accordingly.*

---

5. The agency's action in offering to settle as set forth in note 2, *supra*, could always have been withdrawn up until the time it was accepted.

Hence, agency action did not become final until acceptance of the proposed disposition on August 15th.