841 F.2d 1122
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John ALPAR, Plaintiff-Appellant,
v.
DEPARTMENT OF the INTERIOR NATIONAL PARK SERVICE, Defendant-Appellee.
 No. 87-2139.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 30, 1987.
Decided: Feb. 25, 1988.
 
 John Alpar, appellant pro se.
 James G. Carpenter, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER, and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant John Alpar appeals the dismissal of his complaint filed under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). We vacate in part and affirm in part.
 
 
 2
 Alpar is a former employee of the National Park Service whose employment ended on November 21, 1980 when he was laid off. He filed this action on March 6, 1987 claiming discrimination on the basis of age, national origin and reprisal. He asserts that he filed charges with the EEOC in 1980 and that he received his notice of decision letter, dated April 28, 1986, in April or May of 1986. He further asserts that after he made inquiries with the Office of Review and Appeals he received his "R-1" form (notice of right to file a civil action in United States District Court within thirty days) on February 14, 1987.
 
 
 3
 The defendant moved to dismiss contending that the statutes of limitations bar Alpar's claim and that the court therefore lacks subject matter jurisdiction. The district court dismissed the Title VII claim for lack of jurisdiction and dismissed the ADEA claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Section 2000e-16(c) of Title 42 mandates that in Title VII cases the plaintiff must file his action within thirty (30) days of receiving notice of final action taken by the government agency which had the task of reviewing his grievance. However, when an agency has taken final action but has failed to issue a proper notice, a complainant can bring an action in district court within a reasonable time. Williams v. Hidalgo, 663 F.2d 183, 188 (D.C.Cir.1980). The federal regulation in force during May 1986 provides that "[a]n agency shall notify an employee or applicant of his right to file a civil action and of the 30-day time limit for filing, in any final action or complaint under Secs. 1613.215, 1613.217, 1613.220 or Sec. 1613.221." Agency Regulation for Processing Complaint of Discrimination, 29 C.F.R. Sec. 1613.282 (1985).
 
 
 5
 Alpar alleges that he received his notice of decision letter in April or May of 1986. He further alleges, however, that this letter was deficient in failing to give him notice of his right to file a civil action and of the thirty (30) day time limit on filing such action. Absent compliance with the regulation requiring the EEOC in its notice of final action to inform Alpar of his right to sue within thirty (30) days, it was improper for the district court to dismiss the complaint as untimely. Alpar alleges that he received notice of his right to sue on February 14, 1987, and he filed his claim on March 6, 1987, ten days before the statute of limitations had run. The defendant has not refuted Alpar's claim that notice of his rights was not included with the April 28 decision. The district court therefore erred in granting defendant's motion as to the Title VII claim.
 
 
 6
 However, a different result is reached with respect to Alpar's claims under the ADEA. At 29 U.S.C. Sec. 626(e)(1), the ADEA incorporates by reference the provisions of 29 U.S.C. Sec. 255(a), which states that an action under the Act will be barred unless it is commenced within two years after the cause of action accrued, or three years if the complained of violation was willful. Here, Alpar was terminated in 1980, and no subsequent acts of discrimination are alleged. His complaint, filed March 6, 1987, was filed too late to encompass action taken almost seven years ago and therefore his ADEA claims are barred by the statute of limitations.
 
 
 7
 Accordingly, we affirm the portion of the district court's order dismissing the ADEA claim, vacate the portion of the order dismissing the Title VII claim and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.