**Donald D. BUSH, Plaintiff,**

v.

**QUEBECOR PRINTING (USA) CORP., Defendant.**

**No. Civ.A. 99–11750–WGY.**

United States District Court, D. Massachusetts.

Feb. 21, 2001.

---

Bruce A. Singal, Donoghue, Barrett & Singal, PC, Boston, MA, Nathan B. Ploener, Raynes, McCarty, Binder, Ross, Philadelphia, PA, Harold I. Goodman, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, Lauren E. Duca, Donoghue, Barrett & Singal, PC, Boston, MA, for Plaintiff.

Gabrielle R. Wolohojian, Aaron W. Moore, Hale & Dorr, Erin W. Moore, Hale & Dorr, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

## I. INTRODUCTION

This case involves an action for damages by the plaintiff, Donald D. Bush ("Bush"), against his former employer, Quebecor Printing (USA) Corporation ("Quebecor"), for breach of contract (Count I), violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 (Count II), and violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (Count III). Bush's Amended Complaint, containing his ADEA claim, was filed on February 25, 2000. Quebecor moved to dismiss Count III as untimely under 29 U.S.C. § 626(e), arguing that Bush was required to file his ADEA claim no later than December 31, 1999, ninety days after he received notice from the Equal Employment Opportunity Commission ("EEOC") by letter dated September 30, 1999 that it would not proceed further with its investigation of his charge, Def.'s Mem.Ex. B. ("the EEOC's September 1999 letter"). On September 27, 2000, after oral argument, this Court DENIED Quebecor's Motion to Dismiss. Quebecor duly moved for reconsideration on October 11, 2000. This memorandum and order sets out the reasons for the Court's denial of Quebecor's Motion to Dismiss and denies Quebecor's Motion for Reconsideration.

## II. FACTUAL BACKGROUND

On April 23, 1999, Bush filed a Charge of Discrimination with the EEOC alleging a violation of ADEA in connection with the termination of his employment as Senior Vice President and General Labor Counsel with Quebecor. Def.'s Mem.Ex. A. On April 27, 1999, Bush filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging breach of contract and violation of ERISA, Compl. ¶¶ 5–30, but not making any claim for violation of ADEA. On June 24, 1999, Bush's counsel wrote to the EEOC informing it of Bush's intention to file an ADEA claim against Quebecor in the United States District Court for the Eastern District of Pennsylvania. Moore Aff.Ex. E. On July 13, 1999, the United States District Court for the Eastern District of Pennsylvania granted Quebecor's motion for the transfer of the Pennsylvania action to this District. On July 21, 1999, Bush's counsel requested Quebecor's consent to allow Bush to amend his Complaint to include an ADEA claim. Goodman Aff. ¶ 5. On July 26, 1999, Quebecor's counsel consented to the requested amendment. *Id.* ¶ 6. On August 19, 1999, Bush's counsel sent a draft of the proposed Amended Complaint, which included the ADEA claim, to Quebecor's counsel. Def.'s Mem. at 1. In that letter, Bush's counsel requested that Quebecor's counsel indicate by September 7, 1999, whether Quebecor wished to meet to discuss a possible settlement, failing which he intended to file the Amended Complaint. *Id.* By letter dated September 30, 1999 ("the EEOC's September 1999 letter"), the EEOC, apparently under the mistaken belief that Bush had already filed an ADEA claim against Quebecor, informed Bush that in light of his having filed suit in federal district court with respect to the ADEA charge, the EEOC would not proceed further with its investigation of Bush's charge. *See* Def.'s Mem.Ex. B. Of note, the EEOC's September 1999 letter did not notify Bush

of his right to sue Quebecor within ninety days of the receipt of the letter.

It was only after the EEOC's September 1999 letter that the EEOC was informed that Bush had not claimed a violation of ADEA in his original complaint. Cook Aff. ¶ 3. In a letter dated January 28, 2000, titled Notice of Intent to Reconsider ("EEOC's Notice of Intent to Reconsider"), the EEOC indicated that the dismissal notice contained in the EEOC's September 1999 letter "was issued in error and is hereby rescinded." Def.'s Mem.Ex. D. In another letter to Bush, also issued on January 28, 2000 ("the EEOC's January 2000 letter"), the EEOC indicated that its position was that Notices of Right to Sue were not a prerequisite for filing a suit under the ADEA, and thus, it could not issue "the requested Notice of Right–to–Sue." Def.'s Mem.Ex. E. The letter went on to indicate that the EEOC was "hereby administratively dismissing this charge and terminating all processing. Therefore, this letter constitutes notice of the EEOC's dismissal. *The 90–day period during which suit based on this charge should be filed begins upon your receipt of this notification of dismissal.*" *Id.* On February 25, 2000, 145 days after receiving the EEOC's September 1999 letter but 28 days after receiving the EEOC's January 2000 letter, Bush filed his Amended Complaint, which contained the ADEA claim.

### III. LEGAL ANALYSIS

The procedure for filing a claim in federal court for violation of the ADEA is set out in 29 U.S.C. § 626(d) and (e). In order to bring an ADEA claim in federal court, a plaintiff must first timely file a charge alleging unlawful discrimination with the EEOC and then wait sixty days before filing a claim in federal court, 29 U.S.C. § 626(d). If a charge filed with the EEOC under section 626(d) is subsequently "dismissed or the proceedings of the Commission are *otherwise terminated* by the Commission," the EEOC is required to

notify the complainant. *Id.* § 626(e) (emphasis added). A civil suit may then be brought against the respondent named in the charge within ninety days of the receipt of such notice. *Id.*

As a general rule, the ninety-day limitations period has been strictly enforced. *See Rice v. New England College,* 676 F.2d 9, 10–11 (1st Cir.1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day") (citing *Goodman v. City Prods. Corp.,* 425 F.2d 702, 703–04 [6th Cir. 1970] ); *see also McCray v. Corry Mfg. Co.,* 61 F.3d 224, 227–29 (3d Cir.1995) (affirming dismissal of ADEA claim filed thirty-five days late); *Hesson v. Fireman's Fund Ins. Co.,* 897 F.Supp. 78, 80–82 (W.D.N.Y.1995) (dismissing ADEA claim filed twelve days late).

The critical issue before the Court is whether, for the purposes of section 626(e), the EEOC's September 1999 letter informing Bush that it "[would] not proceed further with its investigation of the charge," Def.'s Mem.Ex. B, amounted to notification that the EEOC proceedings had been "dismissed or ... otherwise terminated", 29 U.S.C. § 626(e), and thereby triggered the ninety-day limitations period for the filing of Bush's ADEA claim in federal court. If the EEOC's September 1999 letter did not trigger the ninety-day statute of limitations, then Bush's ADEA claim, filed on February 25, 2000, is timely because the ninety-day limitations period would only commence to run upon receipt of the EEOC's January 2000 letter which indicated that it was "hereby administratively dismissing this charge and terminating all processing." Def.'s Mem.Ex. E.

On the one hand, Quebecor argues that the EEOC's September 1999 letter amounted to notification for the purposes of section 626(e). Def.'s Mem. at 1. On the other hand, Bush argues that the EEOC's September 1999 letter could not have trig-

gered the ninety-day statute of limitations because it operated to discontinue the EEOC's investigation on the basis of a mistaken belief that Bush had already filed an ADEA lawsuit, and that under these circumstances the EEOC retains the authority to continue processing the charge at its discretion. Pl.'s Opp'n at 7. However, the EEOC's September 1999 letter expressly stated that the EEOC "will not proceed further with its investigation of the charge." Def.'s Mem.Ex. B. Even if the letter did not "dismiss" the EEOC's proceedings, it appears to have nonetheless "otherwise terminated" them for the purposes of section 626(e). On a plain reading of section 626(e), therefore, Bush's ADEA claim appears to be barred.

This, however, does not conclude the analysis. Even if the EEOC's September 1999 letter did amount to notification that the EEOC's proceedings had been terminated or otherwise dismissed for the purposes of section 626(e), Bush further argues that the ninety-day limitations period is subject to equitable modification. *See* Pl.'s Opp'n at 7–9.

The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). "Moreover, the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). More specifically, the First Circuit has held that the filing period contained in section 626(d) is subject to equitable modification. *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988). "Courts have recognized two alternate, though related, doctrines whereby a plaintiff may modify the length of ADEA filing period: equitable estoppel and equitable tolling." *Id.*

There is no authority in the First Circuit concerning the cognate applicability of equitable modification to the limitations period for filing an ADEA claim in federal court contained in section 626(e). The Eleventh Circuit, however, has applied equitable tolling to the ninety-day limitations period contained in section 626(e). *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1393 (11th Cir.1998); *Browning v. AT&T Paradyne*, 120 F.3d 222, 226–27 (11th Cir.1997).

### A. *Equitable Estoppel*

In *Kale*, the First Circuit indicated that equitable estoppel may be applicable where an employee is aware of his ADEA rights but does not make a timely filing due to his "reasonable reliance on his employer's misleading or confusing representations or conduct." *Kale*, 861 F.2d at 752 (citation omitted). Bush contends that, following the transfer of the action to this Court, Quebecor consented to the filing of his ADEA lawsuit on July 26, 1999. Goodman Aff. ¶¶ 5–6. In mid-August 1999, Bush's counsel then sent a draft copy of the proposed Amended Complaint, which included the ADEA claim, to both Quebecor's Boston and Philadelphia lawyers. *Id.* ¶ 7. Bush thus suggests that he did not "sleep on his rights" and Quebecor can hardly claim to have been surprised by Bush's ADEA claim. In light of these facts, Bush argues that Quebecor should be estopped from denying the consent it gave him to file his ADEA claim. Pl.'s Opp'n at 8–9. In rebuttal, Quebecor argues that when its consent was given to Bush to file an amended complaint, the ninety-day limitations period was not even at issue because the EEOC's September 1999 letter had not yet been sent. Def.'s Reply to Pl.'s Oppn. to Def.'s Mot. to Dismiss at 4–6. Thus, Quebecor argues that it never granted—and Bush did not request—consent to an *untimely* filing of Bush's ADEA claim. *Id.*

■ This argument has considerable force. Clearly, at the time Quebecor con-

sented to the filing of Bush's ADEA lawsuit in July 1999, the ninety-day time limit for filing a civil action had not been triggered. Quebecor's July 1999 consent cannot be interpreted to cover the subsequent untimely filing—if indeed it was untimely—of Bush's ADEA claim. Bush is thus unable to establish that the ninety-day limitations period for filing his ADEA suit is subject to equitable modification under a theory of equitable estoppel.

## B. *Equitable Tolling*

Although Bush is unable to establish that the ninety-day limitations period for filing his ADEA suit is subject to equitable modification under a theory of equitable estoppel, the Court must still consider whether the applicable limitations period should nonetheless be equitably tolled in this case.

■ Bush argues first that, in the EEOC's Notice of Intent to Reconsider, the EEOC rescinded its earlier September 1999 letter on the ground that it had been issued on the mistaken assumption that Bush had filed an ADEA suit in federal district court. Effectively, Bush contends, the EEOC's Notice of Intent to Reconsider amounted to a reconsideration of the EEOC's September 1999 letter. Pl.'s Opp'n at 8. In essence, Bush argues that the ninety-day limitations period should be tolled because the EEOC's September 1999 letter was issued in error. This argument is flawed. Although the EEOC's Notice of Intent to Reconsider was indeed titled "Notice of Intent to Reconsider," it did not in fact amount to a reconsideration. The Eleventh Circuit has rejected the argument that a second EEOC letter, ostensibly providing a new ninety-day period in which to file suit, amounted to a reconsideration on the merits where there was no indication that there was additional evidence before the EEOC. *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir.1997). As in *Gitlitz*, there was no request by Bush that the EEOC reconsider on the merits. Further,

no additional evidence was before the EEOC. The EEOC's January 2000 letter indicating that the EEOC was "dismissing [the] charge and terminating all processing," Def.'s Mem.Ex. E., was, in fact, issued on the same date as the EEOC's Notice of Intent to Reconsider.

Second, Bush argues that the EEOC's failure to include a notice of right-to-sue in the EEOC's September 1999 letter operates to equitably toll the suit-filing requirements of the federal employment discrimination laws. Pl.'s Opp'n at 6–7.

The First Circuit has repeatedly held that equitable tolling should only be applied on a very restricted basis to the limitations periods applicable under Title VII and the ADEA. "Federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases." *Chico–Velez v. Roche Prods., Inc.*, 139 F.3d 56, 58–59 (1st Cir.1998) (citations omitted). "[W]e hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Rys v. U.S. Postal Serv.*, 886 F.2d 443, 446 (1st Cir.1989) (quoting *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 185 [1st Cir.1989] ) (internal quotation marks omitted).

Under the procedural regulations governing Title VII claims, the EEOC must issue a notice of right-to-sue when dismissing a charge relating to a Title VII claim. 29 C.F.R. §§ 1601.18(e), 1601.28. By contrast, Quebecor argues, there is no such requirement for ADEA claims. Further, in the EEOC's January 2000 letter, the EEOC evidently took the position that the issue of a notice of right-to-sue was not a prerequisite for filing a suit under the ADEA. *See* Def.'s Mem.Ex. E.

There is no First Circuit authority addressing the precise issue of whether the EEOC's failure to issue a right-to-sue notice operates equitably to toll the suit-filing requirements in an ADEA case. The Eleventh Circuit, however, has held that a letter from the EEOC to a complainant granting the complainant's request to with-

draw his complaint, but failing to inform him of his right to sue or of the potentially applicable statute of limitations, operated to toll the applicable statute of limitations under the ADEA. *Browning,* 120 F.3d at 226–27. In *Browning,* however, the court did emphasize that its holding was based on a unique set of facts in that not only had the EEOC failed to provide notice of the plaintiff's right to sue, but also an EEOC investigator had mistakenly advised the plaintiff's attorney of the wrong statute of limitations. *Id.* at 227. In an earlier race discrimination case, the Ninth Circuit held that the limitations period for filing suit should be tolled in that case because the EEOC letter to the charging party, although informing her that it was closing her case, did not inform her of her right to sue or of the time period for doing so. *Gates v. Ga.–Pac. Corp.,* 492 F.2d 292, 295 (9th Cir.1974). *But see Page v. U.S. Indus., Inc.,* 556 F.2d 346, 351 n. 2 (5th Cir.1977) (citing *Zambuto v. American Telephone and Telegraph,* 544 F.2d 1333, 1335 [5th Cir.1977] ). The Supreme Court has suggested that, in a situation such as that in *Gates,* in which the claimant received inadequate notice from the EEOC, equitable tolling may apply. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In a Title VII case, the District of Columbia Circuit has held that when "an agency or department has taken final action but has failed to issue a proper notice ... an employee can bring an action in district court within a reasonable time." *Williams v. Hidalgo,* 663 F.2d 183, 188 (D.C.Cir.1980). In *Williams,* the court emphasized that proper notice under the statute included notice of both the right to sue and the applicable time limit. *Id.* at 187. In another Title VII case, the same circuit held that where the EEOC's notice of final action misinformed the complainant that he had thirty days to file his lawsuit when in fact he had ninety days, the limitations period never began to run. *See Wilson v. Pena,* 79 F.3d 154, 162–64 (D.C.Cir.1996). It is particularly notewor-

thy that, in analyzing equitable tolling under Title VII and the ADEA, courts have cited precedents from each of these contexts interchangeably.

There appears to be no compelling reason why this Court should treat an employment discrimination case arising under the ADEA any differently from one arising under Title VII with respect to the requirement for the EEOC to give adequate notice to a complainant of his right to sue and the applicable limitations period. In the present case, as in *Gates,* the EEOC's September 1999 letter failed to inform Bush of his right to sue or of the potentially applicable limitations period for filing an ADEA suit.

An analysis of the respective wording of the applicable statutes of limitation under the ADEA and Title VII lends further support for the argument that this Court should treat an employment discrimination case arising under the ADEA in a similar fashion to a case arising under Title VII as to the requirement for the EEOC to give adequate notice to a complainant of his right to sue and the applicable limitations period. The ADEA provides that:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of receipt of such notice.

29 U.S.C. § 626(e). The comparable provision under Title VII states that:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by

the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e–5(f)(1). Neither provision specifically requires the EEOC to issue a notice of the right-to-sue. In light of the undisputed requirement that the EEOC issue such a notice in cases arising under Title VII, however, there appears to be no compelling reason for not imposing such a requirement in cases arising under the ADEA.

Quebecor argues that Bush is not entitled to equitable modification of the limitations period as the EEOC only issued its September 1999 letter in response to Bush's attorney's representation that he intended to file an ADEA claim against Quebecor. Def.'s Mem. at 2 n. 1. Further, Quebecor argues that Bush's attempt to call on equity to toll the ninety-day limitations period is weakened by the fact that Bush himself is a labor lawyer, presumably familiar with the limitations periods applicable to discrimination claims. *Id.*

These considerations, however, do not outweigh the confusion sown by the EEOC as a result of its failure to notify Bush both of his right to bring an ADEA lawsuit and the applicable limitations period for doing so in the EEOC's September 1999 letter. *But see Armstrong,* 138 F.3d at 1393–94 (refusing equitably to toll ADEA statute of limitations for EEOC's failure to indicate that statute of limitations would resume because plaintiffs were aware of their claims, had counsel, and were part of ongoing ADEA class action). That the EEOC felt compelled to issue a second letter in January 2000, informing Bush that it was administratively dismissing his charge and terminating all processing, and that the ninety-day period during which a suit under the ADEA should be filed began upon receipt of that letter, only serves to underscore the point.

 This Court therefore held that the EEOC's failure, in its September 1999 letter, to issue a notice of right-to-sue and inform Bush of the applicable ninety-day limitations period for bringing suit under the ADEA, operated equitably to toll the ninety-day limitations period under section 626(e). The limitations period only began to run when the EEOC informed Bush of his right to file an ADEA civil action in its January 2000 letter. Consequently, Bush's Amended Complaint containing his ADEA claim, filed on February 25, 2000, was timely.

## IV. CONCLUSION

For the above reasons, this Court DENIED Quebecor's Motion to Dismiss Count III of the Amended Complaint [Docket No. 11] and now DENIES its Motion for Reconsideration [Docket No. 25].