**Lulu R. WILLIAMS, Appellant,**

v.

**ARMY AND AIR FORCE EXCHANGE SERVICE, Appellee.**

No. 86–5772.

United States Court of Appeals, Third Circuit.

Argued July 13, 1987.

Decided Oct. 2, 1987.

Kim A. Fellenz (argued), Kaplan, Steinberg & Fellenz, Neptune, N.J., for appellant.

Paul G. Shapiro (argued), Asst. U.S. Atty., U.S. Atty., D.N.J., Newark, N.J., for appellee.

Before HIGGINBOTHAM, BECKER and HUNTER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is an appeal by a government employee, Lulu Williams, whose Title VII action was dismissed because she sued the wrong defendant, i.e., the agency by which she was employed instead of the agency head, and then failed to name or serve an appropriate substitute government defendant within the short (thirty day) statutory period. The appeal presents the question whether Williams may amend her complaint through the Fed.R.Civ.P. 15(c) relation back doctrine after the limitations period has passed to name the correct defendant and, if not, whether her action is saved by the doctrine of equitable tolling because of certain statements made by the government to her counsel about the corporate status of the agency and where to serve the complaint.

We hold that *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), precludes the amendment and that Williams has not made out a case of equitable tolling. Under these circumstances, Williams' complaint is time barred, hence we must affirm the district court's grant of summary judgment in favor of defendant Army and Air Force Exchange Service (AAFES). This unfortunate result, which deprives Williams of an opportunity to litigate the merits of her case, would doubtless have been avoided had the Department of Defense followed the Department of Health & Human Service's practice of identifying in the right to sue letter the person(s) properly to be sued. We therefore strongly encourage the Department of Defense to change its form right to sue letter to provide such information.

## I. FACTS AND PROCEDURAL HISTORY

Williams claims that she suffered discrimination in her job as a department supervisor for AAFES in Fort Monmouth, New Jersey. After unsuccessfully pursuing administrative remedies through the EEOC, Williams received the notice of final agency decision from Thomas D. Reagor, Director of EEO and Appeals of AAFES, informing her of her right to bring this action. The notice explained that she had thirty days to sue; however, the letter did not indicate the proper party to be named as defendant.

Williams had difficulty in obtaining counsel to pursue the matter. On April 28, 1986, three days before the 30–day statute of limitations period expired, an attorney without experience in employment discrimination matters agreed to take the case because of a family friendship. Counsel filed a Title VII complaint in the District Court for the District of New Jersey under 42 U.S.C. § 2000e–16(c) (1982), but, instead of suing the Secretary of Defense or the head of the AAFES, named AAFES as the sole defendant. Additionally, nine days af-

ter the expiration of the statutory limitations period, counsel mailed a summons and copy of the complaint to AAFES, the U.S. Attorney General and the U.S. Attorney for the District of New Jersey. Counsel also made personal service on the local U.S. Attorney's Office one month later.

The government moved for summary judgment, alleging that Williams had named the incorrect party and that she could not employ Fed.R.Civ.P. 15(c) relation back to amend the complaint. Williams then moved for leave to amend the complaint to name Caspar Weinberger, Secretary of Defense, as the defendant. After a hearing, the district court granted AAFES' summary judgment motion. The court, for some reason, never formally acted on the motion for leave to amend, but the grant of summary judgment for defendant effectively denied that motion. This appeal followed.

## II. FAILURE TO NAME THE CORRECT DEFENDANT

It is undisputed that the correct defendant in this action is not AAFES but the head of the Defense Department (the Secretary of Defense) or the head of AAFES. 42 U.S.C. § 2000e–16(c) (1982) ("the head of the department, agency, or unit, as appropriate, shall be the defendant."). We are thus presented with two questions: (1) can the plaintiff now amend her complaint under the relation back provision of Fed.R. Civ.P. 15; and (2) if relation back is unavailable, should the limitations period be equitably tolled?

### A. *Relation Back*

■ The first question is squarely answered by *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

Appellant argues that even though she named the wrong defendant in her complaint, and did not correct the error until the statutory period for serving the complaint had run, Fed.R.Civ.P. 4(j) allows her an additional 120 days to effect service on the proper defendant once a complaint has been filed. *Schiavone* has foreclosed this argument by holding that the 120–day period for service is simply not available unless a plaintiff can demonstrate that he or she properly notified the defendant within the statutory limitations period.

The Court in *Schiavone* held that for an amendment to relate back all four factors identified in Fed.R.Civ.P. 15(c), must be satisfied:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone,* 106 S.Ct. at 2384.

Williams plainly satisfies the first factor; and under the provision of 15(c) for substituted service on the alternative defendants, she satisfies the second and third factors through service on the local U.S. Attorney.[1] Williams fails to meet the fourth factor, however, because she did not serve these substitute defendant parties within the relevant limitations period. As the Court in *Schiavone* observed, "[t]imely filing of a complaint, *and notice within the limitations period to the party named in the*

---

**1.** Fed.R.Civ.P. 15(c) provides that:
... The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

As the Court in *Edwards v. United States,* 755 F.2d 1155, 1158 (5th Cir.1985), explained:
Rule 15(c) creates an irrebuttable presumption that when the U.S. Attorney receives service of a complaint in which the U.S. would have been a proper defendant if named before the statute of limitations expires, no prejudice results to the U.S. in permitting a subsequent amendment formally naming it as the proper party.

*complaint,* permits imputation of notice to a subsequently named and sufficiently related party." 106 S.Ct. at 2384 (emphasis added).[2] Thus Williams' proposed amendment cannot relate back.

The *Schiavone* Court noted that some circuits recognize an "identity of interest" exception when plaintiff's failure to name the proper defendant creates no prejudice. Without indicating whether it would recognize that exception, the Supreme Court held that it was inapplicable under the facts of *Schiavone* because the defendant itself never received timely notice and no proper notice could be imputed. 106 S.Ct. at 2384. Williams, like the plaintiff in *Schiavone,* invokes that exception and contends that the absence of prejudice to the Secretary imputes notice based on the complaint's having named AAFES. We find the circumstances in *Schiavone* indistinguishable from those in Williams' case. Neither AAFES nor the Secretary received notice of this action until after the period of limitations had run, albeit in Williams' case only thirty-nine days after the complaint was filed. The force of the *Schiavone* rule, therefore, leads us inexorably to affirm the judgment.[3]

It is with some discomfiture that we apply *Schiavone* to this case, for the current Rule 15(c) was adopted to avoid such harsh results when the incorrect government defendant is named. Indeed, the 1966 amendment was part of a package of reforms that "collectively have the effect of guaranteeing plaintiff a hearing on the merits ... without risk of being defeated on a technical pleading error traceable to confu-

sion created by the size and internal complexities of the national government's structure." 6 Wright & Miller, *Federal Practice and Procedure,* § 1502, n. 51 (1971). *See* Fed.R.Civ.P. 15(c) advisory committee's note, 39 F.R.D. 82–83. Moreover, the results of *Schiavone* are particularly unfortunate in this case which involves such a short statute of limitations (30 days) and an untutored litigant. But amelioration of these harsh results is for the Rules Committee, not for this Court.

### B. *Equitable Tolling*

■ Equitable tolling of a limitations period is available when "the defendant has actively misled the plaintiff respecting the cause of action...." *School District of Allentown v. Marshall,* 657 F.2d 16, 20 (3d Cir.1981) (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir.1978).) Plaintiff argues that her case falls into this category. We have made it clear that "restrictions on equitable tolling ... must be scrupulously observed." 657 F.2d at 19.

In *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983), we addressed a similar question. There, the plaintiff alleged that an EEOC counselor had actively misrepresented the statutory filing period for a Title VII action. This court read the language of the counselor's letter and, after finding that the letter contained no false statement about the filing period and that it gave the plaintiff no reason to believe the charge

---

**2.** Because only service constitutes notice, Williams' inquiries to various AAFES officials concerning the appropriate party to name did not constitute notice. *See College v. United States,* 572 F.2d 453 (4th Cir.1978) (counsel's letter to Air Force Club's commanding officer charging that the Club's negligence caused plaintiff's injuries did not provide notice of tort action against the U.S.); *Cooper v. United States Postal Service,* 740 F.2d 714, 717 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (filing of administrative claim does not constitute notice of institution of judicial action).

**3.** The application of *Schiavone* to almost identical fact patterns in other Title VII cases has led

to just such results. *See Gonzales v. Secretary of the Air Force,* 638 F.Supp. 1323 (N.D.Tex.1986) (substitution of the Secretary of the Air Force for the Department of the Air Force by amendment beyond the statutory period was not allowed where the plaintiff served neither the Department of the Air Force nor the local U.S. Attorney within the statutory period). *Cf. Dodson v. United States Army Fin. & Accounting Center,* 636 F.Supp. 894 (S.D.Ind.1986) (substitution of the Secretary of Defense for the Department of the Army by amendment beyond the statutory period allowed where local U.S. Attorney was mailed process within the statutory period).

had already been timely filed, held that equitable tolling of the limitation was inappropriate. 707 F.2d at 755.

*Kocian* dictates the conclusion that equitable tolling is inappropriate here. Williams argues that the government officials actively misled her attorney concerning the proper defendant. According to the affidavit of her counsel, AAFES personnel told counsel that AAFES was an unincorporated, nonappropriated funds activity and that service should be made on the U.S. Attorney General and the local U.S. Attorney as provided under Fed.R. Civ.P. 4. Although these statements to plaintiff's counsel may have led him to believe that naming AAFES as the defendant would have been proper, they were correct and the government engaged in no misrepresentation. Indeed, had such service been timely, plaintiff would have survived the motion to dismiss. Therefore, although we sympathize with Williams' difficulty in identifying the correct defendant, this case does not include the necessary active misrepresentation by the defendant to trigger equitable tolling.

### III. RIGHT TO SUE LETTER

For the foregoing reasons we must reject Williams' contentions and affirm the summary judgment granted by the district court. It is clear that had Williams' counsel consulted the statute, 42 U.S.C. § 2000e–16(c) (1982), he would have ascertained that the correct defendant was the Secretary of Defense or the head of the Agency (AAFES). And had he followed the Federal Rules of Civil Procedure he might, at all events, have protected his client by timely filing and service on the U.S. Attorney and Attorney General. Nevertheless, many claimants against the government are either unrepresented (as Ms. Williams was until the statute had but three days to run) or represented by persons lacking expertise in agency law (as Ms. Williams was). Additionally, the appeal period from adverse agency action is typically very short. Here it was a scant 30 days. It is apparently for this reason that some government agencies—notably the one that processes the most claims, the Department of Health and Human Services—identifies in its right to sue letter the proper defendant to sue in a civil action. In pertinent part the H.H.S. letter (attached as an exhibit to Williams' appellate brief) provides:

> If a civil action is commenced, the Bill of Complaint should name the Secretary of Health and Human Services as the defendant. . . .

It would be a simple matter for the Department of Defense (and other agencies as well) to provide in the right to sue letter analogous information as to who should be named as defendant. Had the Department of Defense done so here Ms. Williams would doubtless have had her day in court. Hence, while we will affirm the judgment of the district court, we also strongly urge the Secretary of Defense and the heads of other agencies as well to amend their right to sue letters to include such vital information. To that end, we direct the Clerk to send a copy of this opinion to the General Counsel of the Department of Defense and to the Assistant Attorney General in charge of the Civil Division of the U.S. Department of Justice.