860 F.2d 592
 59 Fair Empl.Prac.Cas. 1834,
48 Empl. Prac. Dec. P 38,421, 12 Fed.R.Serv.3d 1158
 Mary C. DALY, Appellant
v.
UNITED STATES DEPARTMENT OF THE ARMY and United States
Department of the Army, Environmental and Energy
Control Branch, and Frank Carlucci,
Secretary of Defense.
 No. 88-5415.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 17, 1988.
Decided Nov. 8, 1988.
 
 Bruce E. Endy (argued), Carol Cingranelli, Spear, Wilderman, Sigmond, Borish, Endy and Silverstein, Philadelphia, Pa., for appellant.
 James J. West, U.S. Atty., James A. Gibbons (argued), Asst. U.S. Atty., Scranton, Pa., for appellees.
 Before SLOVITER and HUTCHINSON, Circuit Judges, and DEBEVOISE, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Plaintiff Mary C. Daly filed this action under section 717 of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (1982). The district court dismissed Daly's amended complaint, holding that Daly had failed to name the proper party. The court also denied Daly's motion to amend to name the Secretary of the Army, whom the court deemed the proper party, on the ground that such an amendment would not relate back and hence would be untimely. Our review of a dismissal of the complaint is plenary.
 
 I.
 
 2
 Daly, who is employed by the United States Department of the Army at the Tobyhanna Army Depot, Environmental and Energy Control Branch, filed two formal EEO Complaints with her employer. The first, filed on November 14, 1986, alleged that she had been the victim of gender-based discrimination. The second, filed on March 12, 1987, alleged retaliation against her for filing the first complaint. On October 8, 1987, the Department of the Army issued, and Daly received, the final decision on her retaliation claim. Although the record does not show the date on which the final decision on Daly's gender-based discrimination claim was issued, the parties agree it was issued on November 20, 1987 and received by Daly on December 10, 1987.
 
 
 3
 On November 6, 1987, Daly filed this Title VII action in the United States District Court for the Middle District of Pennsylvania against the United States Department of the Army and the Department's Environmental and Energy Control Branch, alleging both sex discrimination and reprisal. On November 19, 1987, Daly served the United States Attorney for the Middle District of Pennsylvania and the United States Attorney General by mail. On December 7, 1987, Daly filed an amended complaint, adding "Frank Carlucci, Secretary of Defense" as a defendant.
 
 
 4
 Defendants filed a motion to dismiss the amended complaint alleging that the appellant had failed to name the proper defendant. The district court agreed and dismissed the complaint on the ground that the only proper defendant in the action was the Secretary of the Army, who was not timely sued.
 
 II.
 
 5
 On appeal, Daly contends first that the district court erred in holding that the Secretary of the Army is the only proper defendant in a Title VII action brought by a civilian employed by the Department of the Army. The statute provides that in a civil action for sex discrimination, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. Sec. 2000e-16(c). Daly argues that it was sufficient for her to name the Secretary of Defense because the Department of the Army is a component of the Department of Defense. On the other hand, the government argues that because Congress has specified that, "[t]he Secretary [of the Army] is the head of the Department of the Army," 10 U.S.C.A. Sec. 3013(a)(1) (Supp.1988), it is that individual who must be named as the defendant in a suit alleging that the Army has illegally discriminated.
 
 
 6
 Daly relies on the statement in our opinion in Williams v. Army and Air Force Exchange Service, 830 F.2d 27, 29 (3d Cir.1987), that "[i]t is undisputed that the correct defendant in this action is not AAFES but the head of the Defense Department (the Secretary of Defense) or the head of AAFES" (emphasis added). However, the issue of which of the two was the appropriate defendant was not decided by the court because neither had been served. Moreover, the plaintiff in Williams was employed by AAFES, which appears to be a joint venture program between two services, and not by the Department of the Army, as here. In any event, in the posture of this case, we need not decide whether suit against the Secretary of Defense is a suit against "the head of the department" when the claim is against the Army.
 
 III.
 
 7
 The limitations period in this case is governed by 42 U.S.C. Sec. 2000e-16(c), which requires a complainant to file a civil action within thirty days of receipt of the notice of final action taken by the Agency. Daly received notice of the final action on her retaliation claim on October 8, 1987, and filed her complaint raising both the retaliation and the gender-based discrimination claims on November 6, 1987, within thirty days of October 8, 1987.
 
 
 8
 Daly argues that the district court erred in denying her request to file an amended complaint that related back to the date of the original pleading. Under Fed.R.Civ.P. 15(c), an amendment changing the party against whom a claim is asserted relates back if
 
 
 9
 within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 10
 In Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court held that a complaint alleging libel that originally named only Fortune as the defendant, and was later amended to name Time, Inc., the proper defendant, did not relate back under Rule 15(c) because neither Fortune nor Time, Inc. received notice of the action until after the one-year statute of limitations on libel actions had run. The Court stated:
 
 
 11
 Relation back is dependent upon four factors, all of which must be satisfied:
 
 
 12
 (1) the basic claim must have arisen out of the conduct set forth in the original pleading;
 
 
 13
 (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
 
 
 14
 (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and
 
 
 15
 (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
 
 
 16
 Id. at 29, 106 S.Ct. at 2384. Applying these criteria, the Supreme Court concluded that the plaintiffs' failure to notify the defendant of the action within the period provided by law for commencing the action was fatal to the plaintiffs' cause of action.
 
 
 17
 This court applied Shiavone in Williams v. Army and Air Force Exchange Service, 830 F.2d 27 (3d Cir.1987), where we held that a plaintiff who had named the wrong government defendant could not use the relation back benefit of Rule 15(c) because the correct defendants were not served within the relevant limitations period. Here, the complaint was not served until November 19, 1987, when the United States Attorney for the Middle District of Pennsylvania and the United States Attorney General were served by mail. It is therefore evident that the requirement of notice within the required thirty days was not met, and the requirements for the relation back were not satisfied.
 
 
 18
 Daly contends that we should nonetheless reverse the dismissal on the theory that the retaliation is part of a continuous course of discrimination. A litigant seeking to allege a continuing violation must identify in the complaint the alleged discriminatory acts that continued, see Delaware State College v. Ricks, 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980), and this was not done in Daly's complaint. It follows that the district court did not err in denying the motion to amend to add the Secretary of the Army as a defendant.IV.
 
 
 19
 Daly's claim that she was the victim of gender-based discrimination stands on a different footing. The parties agree that she did not receive notice of the final action on that claim until December 10, 1987. By that time, she had already filed this action which included the gender-based discrimination claim. The statute permits institution of a civil action 180 days after the filing of the initial charge if no final action has been taken. 42 U.S.C. Sec. 2000e-16(c). Because plaintiff filed her initial charge in November 1986 and no final action had been taken by November 1987, there was no statutory impediment to inclusion of this claim.
 
 
 20
 Before ruling on the amendment to name the Secretary of the Army, the trial court was not alerted to the difference in status between the retaliation claim and the discrimination claim. However, the service on the United States Attorney and the United States Attorney General on November 19, 1987 was adequate to satisfy the fourth prong of the Schiavone test because the defendant clearly received notice of the discrimination claim before the expiration of the prescribed limitation period.
 
 
 21
 Under Rule 15(c), "[t]he delivery or mailing of process to the United States Attorney ... or the Attorney General of the United States ... satisfies the requirement of clauses (1) and (2) hereof [for notice] with respect to the United States or any agency or officer thereof to be brought into the action as a defendant." Fed.R.Civ.P. 15(c) (emphasis added). This action is therefore unlike Williams where we noted that Williams had not served the local United States Attorney within the relevant limitations period. 830 F.2d at 29.
 
 
 22
 We see no impediment in the Rule to relation back of the proposed amendment adding the Secretary of the Army. Because that was the only basis for the trial court's denial of plaintiff's motion to amend, we will vacate the court's order dismissing the complaint and remand with directions that the district court reinstate the portions of the complaint containing the gender-based discrimination claim and grant the motion to amend as to that claim pursuant to Rule 15(c).
 
 V.
 
 23
 For the foregoing reasons, we will vacate the district court order and remand for further proceedings in accordance with this opinion. Each side to bear its own costs.
 
 
 
 *
 Hon. Dickinson R. Debevoise, United States District Court for the District of New Jersey, sitting by designation