Jeannett Y. **BERTHA**

v.

**U.S. POSTAL SERVICE.**

Civ. No. 88–9764.

United States District Court,
E.D. Pennsylvania.

Jan. 26, 1990.

Linda Shafer, Asst. U.S. Atty., Philadelphia, Pa., for U.S. Postal Service.

Jeannett Y. Bertha, Philadelphia, Pa., pro se.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff was hired as a mail carrier by the United States Postal Service in July of 1987. Her appointment was subject to a probationary period of 90 days. On September 9, 1987, her supervisor issued a notice of separation based upon what he considered to be an unsatisfactory performance. Plaintiff met with a Postal Service EEO Counselor, and thereafter, filed a formal complaint of discrimination. An investigation was conducted, and on November 22, 1988, a final determination, finding that there had been no discrimination on the basis of race or sex, was sent to plaintiff. Plaintiff was notified in that decision that she had a right to file a civil action in Federal District Court within 30 calendar days after she received the decision. The notice also advised her that if she did file such an action, she would have to bring it against the head of the agency. Plaintiff received the decision on December 2, 1988, and brought suit on December 23, 1988.

When plaintiff filed suit she also filed a motion for leave to proceed in forma pauperis. That motion was granted on December 29, 1988. Plaintiff, however, did not identify for the marshals the defendants to be served until April 6, 1989.[1] The Post-

---

**1.** Plaintiff, however, did not properly complete the forms provided to her, and thus service was not made until August 30, 1989.

master General has never been served because plaintiff has never identified him as a party to be served.

The government has moved to dismiss plaintiff's claim on the ground that she has not named the Postmaster General, who is the proper party under 42 U.S.C. § 2000e–16(c). The government contends that dismissal is proper because any attempt to amend the complaint to substitute the Postmaster General as a defendant would be barred by the thirty-day statute of limitations period in 42 U.S.C. § 2000e–16(c).

Defendants' motion will be granted for the following reasons. 42 U.S.C. § 2000e–16(c) in pertinent part provides:

> Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, ... an employee or applicant for employment, if aggrieved by the final disposition of his [or her] complaint, or by the failure to take final action on his [or her] complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

■ The statute provides that the head of the agency is the proper party to be sued, and in this case, that person is the Postmaster General. The statute also provides that a complaint must be filed within thirty days of an individual's receipt of the notice of agency's final action. Because plaintiff has not served the Postmaster General within the thirty-day time-period, her claim is foreclosed by statute of limitations. Although Rule 15(c) of the Federal Rules of Civil Procedure allows a party to amend her pleading to change the name of the party she is suing, such an amendment must be made before the expiration of the statute of limitations period. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Williams v. Army and Air Force Exchange Service*, 830 F.2d 27 (3d Cir.1987).

The result in this matter is a indeed harsh and could easily be avoided if the agency serving the final notice determination simply named in its determination the proper party to be sued. The notice sent to plaintiff, unfortunately, was not a model of clarity. It stated: "If you choose to file a civil action, that action should be captioned (Your Name) v. (Head of Agency)." Given that it is not improbable that an individual who receives such a notice is unrepresented by counsel, and given the very short statute of limitations period, it would be appropriate for the Postal Service to outline the proper party to be named (the Postmaster General) and the individuals upon whom service must be made. *See Williams*, 830 F.2d at 31.

Accordingly, although I must dismiss plaintiff's complaint in the accompanying memorandum, I urge the Postal Service to amend their right to sue letters to include the above information. Following the example of the court in *Williams*, I will order the Clerk to send a copy of this memorandum to the General Counsel of the Postal Service and to the Assistant Attorney general of the Civil Division of the United States Department of Justice.