**JEAN O. DAVID, Plaintiff**

v.

**UNITED STATES POSTAL SERVICE and TERECITA RIVERA, Defendants**

Civil No. 88-43

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 2, 1990

GERALD DENNENBERG, ESQ., St. Thomas, V.I., *for plaintiff*

BARBARA J. TWINE, ESQ. (GRUNERT, STOUT, MOORE & BRUCH), St. Thomas, V.I., *for plaintiff (withdrawn)*

TERRY M. HALPERN, United States Attorney, JAMES S. CARROLL, III, Assistant United States Attorney, St. Thomas, V.I., *for defendants*

MICHAEL S. EMERY, ESQ., Office of Field Legal Services (United States Postal Service), Windsor, CT, *for defendants*

CARTER, *District Judge*

## MEMORANDUM OPINION

Plaintiff Jean O. David is an employee of defendant United States Postal Service ("USPS") in St. Thomas. Plaintiff alleges that on November 6, 1985, his supervisor, defendant Terecita Rivera, reassigned him from the Veteran's Drive Annex Post Office to the General Post Office at Sugar Estate, because of his sex and in reprisal for his having filed a previous equal employment opportunity ("EEO") complaint.

Several months later, on February 25, 1986, plaintiff filed an EEO complaint with the regional EEO officer of the USPS, claiming sex discrimination and reprisal for having filed an earlier complaint. The USPS rejected his complaint on October 20, 1986. Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the USPS decision on September 11, 1987. David v. United States Postal Serv., Appeal No. 01870256 (E.E.O.C. Sept. 11, 1987).

On October 6, 1987, plaintiff mailed a handwritten letter to Almeric Christian, then Chief Judge of this Court, requesting appointment of counsel to represent him.[1] The Court appointed Barbara Twine as counsel for plaintiff on October 21, 1987, as provided in §§ 706(f)(1) and 717(d) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). 42 U.S.C. § 2000e-5(f)(1), -16(d). Through counsel, plaintiff filed a complaint in this Court on January 29, 1988, followed by an amended complaint on February 8, 1988, and a second amended complaint on February 17, 1988. All of these name USPS and Rivera as the only defendants.

On February 8, 1988, Rivera became the first government official to be served with process in this action. Process was served on the

---

[1] Twine, who filed the plaintiff's memoranda in connection with this motion, is now in-house counsel for the Virgin Islands Water and Power Authority, and has withdrawn from this case with leave of the Court. The Court has appointed Gerald Dennenberg to replace her as plaintiff's attorney in this matter.

U.S. Attorney's Office and the USPS on February 11, 1988. The second amended complaint was served on the defendants on March 22, 1988.

On April 8, 1988, the defendants moved to dismiss the action. The Court's consideration of the motion has been delayed by several enlargements of time granted to the parties to file their respective responses, a change of plaintiff's attorney, and a stay of proceedings.

## I.

■  Defendant argues that the plaintiff's claim is time-barred. An action under § 717(c) of Title VII, 42 U.S.C. § 2000e-16(c), must be filed within thirty days of receipt of notice of final action taken by the EEOC. Hence, the plaintiff's first document denominated a "Complaint," filed on January 29, 1988, was too late.

Plaintiff, however, contends that his pro se request for appointment of counsel that he filed prior to the expiration of the thirty-day period in fact constituted a complaint, because the annexed EEOC decision contained a statement of the facts essential to his claim. See Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082 (9th Cir. 1983) (construing a similar pro se request as a complaint). Alternatively, plaintiff argues that the plaintiff's filing of a request for appointment of counsel tolled the thirty-day limitations period until the "formal" complaint was filed.

Because the Court disposes of the case on other grounds, it is unnecessary to decide this issue. The Court assumes, without deciding, that the complaint was timely filed.

## II.

■  Defendants contend, and plaintiff concedes, that the only proper defendant in this case is the Postmaster General of the United States, not the United States Postal Service. See, e.g., Cooper v. United States Postal Serv., 740 F.2d 714, 715–16 (9th Cir. 1984), cert. denied, 471 U.S. 1022 (1985). Section 717(c) explicitly provides that "the head of the department, agency, or unit as appropriate, shall be the defendant." Failure to name the appropriate defendant is fatal to the complaint. Williams v. Army & Air Force Exch. Serv., 830 F.2d 27, 29 (3d Cir. 1987).

Plaintiff argues that he should be allowed to amend his complaint to add the Postmaster General as a defendant. See Rule 15(a), F.R.Civ.P. Defendant contends, however, that the amendment would

not relate back to the date of the original pleading, since the new defendant did not have notice of the suit within the thirty-day limitations period of § 717(c). Hence, any claim against the Postmaster General would relate only to the date of the amendment, and would be time-barred under § 717(c).

Under Rule 15(c), F.R.Civ.P., an amendment adding or changing a defendant relates back if it arises out of the same transaction as the original pleading, and, in addition,

> within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> The delivery or mailing of process to the United States Attorney . . . satisfies the requirements of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Rule 15(c), F.R.Civ.P.

■ This is the second time that I have had to visit this issue during my brief stay in the Virgin Islands. See Hedrington v. St. Thomas Hosp., Civ. No. 88-60, slip op. (D.V.I. Oct. 23, 1990) (Carter, J.). In Schiavone v. Fortune, 477 U.S. 21, 30–31 (1986), the United States Supreme Court held that the added party must have notice within the limitations period for filing the action. Moreover, that period cannot be extended to include the 120 days provided for service of process in Rule 4(j), F.R.Civ.P. Id. Although it may be a harsh and anomalous technicality to require that an improperly named defendant receive notice of the suit within the limitations period, while a properly named defendant need not learn of the suit for 120 days after the period has expired, Schiavone mandates this literal reading of Rule 15(c). See also Williams, supra, 830 F.2d at 29–30.

Plaintiff asserts that the United States Attorney's office had actual notice of the suit within the applicable limitations period.[2] See

---

[2] The Court assumes, without deciding, that "informal" notice (as opposed to mailing or delivery of process) to the United States Attorney satisfies the notice requirement of Rule 15(c) with respect to the Postmaster General. See Williams, supra, 830 F.2d at 30.

id. As evidence, he presents the order of this Court dated October 21, 1987, appointing Barbara Twine as counsel "to represent . . . Jean O. David in all such proceedings as he may initiate involving his name and the United States Postal Service." (Christian, C.J.). Plaintiff also presents an affidavit from Frank Blackman, a Deputy Clerk of this Court, stating that the Clerk's office has a practice of placing copies of all orders identifying a United States government agency as a party in the U.S. Attorney's mailbox in the clerk's office.

Even accepting as true, however, that the U.S. Attorney received a copy of the Court's order of October 27, 1987, it is clear that the U.S. Attorney did not have actual notice of the suit within the thirty-day limitations period. The statement, contained in the order, that Twine was appointed to represent David "in all such proceedings as he may initiate" does not imply that proceedings had been initiated, but merely that proceedings might be initiated in the future. A civil action only commences upon the filing of a complaint, see Rule 3, F.R.Civ.P., and nothing in the order suggests that a complaint had been filed. Indeed, the order bore the caption of the EEOC action, Jean O. David. Appellant v. United States Postal Service, Appellee, and lacked a docket number. To satisfy Rule 15(c), the added party must have notice that the plaintiff has actually initiated proceedings. Gonzales v. Secretary of Air Force, 824 F.2d 392, 396 (5th Cir. 1987), cert. denied, 485 U.S. 969 (1988); Cooper, supra, 740 F.2d at 717; Archuleta v. Duffy's Inc., 471 F.2d 33, 35 (10th Cir. 1973); Craig v. United States, 413 F.2d 854, 858 (9th Cir.), cert. denied, 396 U.S. 987 (1969).

Plaintiff and plaintiff's counsel had ample warning of the requirement that they name the Postmaster General as a defendant. Cf. Schiavone, supra, 477 U.S. at 28 & n.6 (plaintiff had opportunity to discover defendant's name but used the wrong name). The language of § 717(c) is clear. In addition, the EEOC, in the Statement of Appellant's Rights (Form R-1) provided to Plaintiff along with the EEOC decision, explicitly warned him, in part, as follows:

> You are . . . notified that if you file a civil action, *YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DE-PARTMENT HEAD AS THE DEFENDANT.* . . . Failure to provide the *NAME OR OFFICIAL TITLE* of the agency head or, where appropriate, the department head, may result in the

419

loss of any judicial redress to which you may be entitled. . . . You must be sure that the proper defendant is named when you file your civil action. . . .

(Emphasis in original.)

■■ Thus, the proposed amendment to the complaint will relate back only if the statute of limitations was tolled until February 11, 1988, when the U.S. Attorney was served with the complaint. Restrictions on equitable tolling must be "scrupulously observed." Williams, supra, 830 F.2d at 30. Although tolling might have been appropriate while the plaintiff's petition for appointment of counsel was pending, and for a short period thereafter, plaintiff gives no persuasive reason why the limitations period should be tolled for a more extended period of time. Barbara Twine, plaintiff's counsel at the time, had been appointed on October 27, 1987. Plaintiff offers no excuse—other than Twine's heavy workload—for the complaint's not being filed until January 29, 1988, ninety-four days after Twine was appointed counsel. Again, the EEOC's Statement of Appellant's Rights provided clear warning: "You have a right to file a civil action in the appropriate United States District Court *WITHIN THIRTY (30) DAYS* from the date that you receive this decision. . . ." (Emphasis in original.) Carelessness of counsel is not a proper ground for tolling the statute of limitations.

In sum, since neither the proper defendant nor any other government official had notice within the limitations period, the proposed amendment cannot relate back. The words of the Court of Appeals for the Third Circuit in the Williams case, which is practically on all fours with this case, are equally applicable here:

> It is with some discomfiture that we apply Schiavone to this case, for the current Rule 15(c) was adopted to avoid such harsh results when the incorrect government defendant is named. Indeed, the 1966 amendment was part of a package of reforms that "collectively have the effect of guaranteeing plaintiff a hearing on the merits . . . without risk of being defeated on a technical pleading error traceable to confusion created by the size and internal complexities of the national government's structure." 6 Wright & Miller, Federal Practice and Procedure, § 1502, n. 51 (1971). See Fed.R.Civ.P. 15(c) advisory committee's note, 39 F.R.D. 82–83. Moreover, the results of Schiavone are particularly unfortunate in this case which involves such a short statute of limitations (30 days) and an untutored litigant. But

amelioration of these harsh results is for the Rules Committee, not for this Court.

830 F.2d at 30.

### III.

The first paragraph of the second amended complaint also cites to the United States Constitution, as adopted by § 3 of the Revised Organic Act of the Virgin Islands, as amended. 48 U.S.C. § 1561. It may well be true that the acts alleged in the complaint violate the First and Fifth Amendments of the Constitution. See Connick v. Myers, 461 U.S. 138, 148 n.8 (1983); Davis v. Passman, 442 U.S. 228 (1979); Givhan v. Western Line Consol. School Dist., 439 U.S. 410 (1979); Rode v. Dellarciprete, 845 F.2d 1195, 1201–1202 (3d Cir. 1988).

■ However, when § 717(c) is applicable, it provides the exclusive remedy for federal government employees who have suffered sex discrimination and reprisals for filing EEO complaints. Owens v. United States, 822 F.2d 408, 410 (3d Cir. 1987) (§ 717(c) exclusive remedy in sex-discrimination case); White v. General Servs. Admin., 652 F.2d 913 (9th Cir. 1981) (§ 717(c) exclusive remedy in reprisal case); see Sperling v. United States, 515 F.2d 465, 484 (3d Cir. 1975), cert. denied, 426 U.S. 919 (1976) (reprisal claims are within ambit of § 717(c)); Cf. Brown v. General Servs. Admin., 425 U.S. 820 (1976) (§ 717(c) exclusive remedy in race-discrimination case).

### IV.

In conclusion, Rivera and USPS are not proper defendants under § 717(c), which provides the exclusive remedy for the violations alleged in the complaint. An amendment to the complaint adding the Postmaster General as a defendant would not relate back to the date of the original complaint, because neither the Postmaster General nor the U.S. Attorney's Office received notice within the applicable limitations period. Since any claim brought against the Postmaster General at the present time would be time-barred, it would be futile to allow the plaintiff to amend his complaint. Accordingly, the action must be dismissed.

An appropriate order will be entered.

### ORDER

On motion by the defendants, upon due consideration of the submissions of the parties, and for the reasons set forth in the Court's memorandum opinion of this date,

IT IS this 2nd day of November, 1990, hereby

ORDERED that this action is DISMISSED for failure of the complaint to state a claim upon which relief can be granted.