Darlene HUGHES, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 87 Civ. 6371 (MBM).

United States District Court, S.D. New York.

Dec. 2, 1988.

Ivan Kline (Leslie Friedman, Law Clerk), Lord, Day & Lord, Barrett Smith, New York City, for plaintiff.

Chad A. Vignola, Sp. Asst. U.S. Atty. (Michael S. Emery, of counsel), New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff, *pro se*, has sued the United States Postal Service alleging that she was discriminated against on the basis of race,

sex and physical handicap under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to e–5 (1982), the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Supp. IV 1986), and § 1981, 42 U.S.C. § 1981 (1982). Defendant now moves to dismiss the complaint, or in the alternative for summary judgment, asserting that plaintiff failed to file a timely administrative complaint and failed to name and serve the proper party to this action before the expiration of the limitations period. Based on reasoning set out more fully below, and notwithstanding the well-crafted arguments of plaintiff's resourceful *pro bono* counsel, I must grant defendant's motion to dismiss for failure to name and serve the proper party to this action before the limitations period expired.

The relevant facts, construed on this motion in the light most favorable to plaintiff, show that plaintiff, a black female, is employed by defendant as a maintenance mechanic at the Church Street Station branch in Manhattan. On April 14 and 21, 1986, plaintiff took an examination for the position of electronic technician, but was rated ineligible. In late November 1986, plaintiff learned that a white male postal employee, Jerry Kozak, who was also rated ineligible following the examination, was sent to an electronic technician training course. In February 1987, plaintiff learned that another white male, Francis Kazakwic, who had similarly failed the test for electronic technician, had been sent to an electronic technician's training course. On February 24, 1987, plaintiff filed an administrative complaint with the Equal Employment Opportunity (EEO) office of the Postal Service.

That agency determined that plaintiff's claim was untimely, because she stated in the form that the discriminatory acts—the training—occurred in December, 1986, more than 30 days before she filed her complaint. A timely appeal was denied for the same reason on August 11, 1987. Plaintiff then filed this action on August 25, 1987, naming the United States Postal Service as defendant. She was granted *in forma pauperis* status on September 2, but concedes she did not provide the U.S.

Marshall's Office with the necessary papers to serve defendants until December 22. Defendant was served on December 30, 1987.

A federal employee who seeks to file a court action based on Title VII must first exhaust available administrative remedies, as set forth in Section 717 and 29 C.F.R. § 1613.211 *et seq. See Brown v. General Services Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–1968, 48 L.Ed.2d 402 (1976). Defendant first claims that plaintiff did not exhaust her administrative remedies in a timely fashion because she failed to file an administrative complaint within 30 days of her knowledge of the discriminatory acts. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980) (time limit for filing administrative claim of discrimination runs from when employee learns or should have learned of it). Plaintiff replies that she learned of Kazakwic's training only in February and, because her union shop steward, Peter Raska, advised her that her complaint against Kozak was barred by the thirty-day rule, she complained only about Kazakwic. Defendant points to the final report of May 11, 1987 by the EEO counselor wherein he states that "on or around December, 1986 [plaintiff] became aware that two (2) white male employees were given electronic technicians training that was denied to her." (Vignola Aff. at Exh. B at 10). Were this the only flaw in plaintiff's complaint, summary judgment at this stage might be inappropriate, at least with respect to the complaint against Kazakwic, as there is a factual dispute about when plaintiff learned that Kazakwic was receiving training. *See Royall v. U.S. Postal Service*, 624 F.Supp. 211, 214 (E.D.N.Y. 1985), *aff'd*, 849 F.2d 1467 (2d Cir.1988).

■ Plaintiff's complaint, however, suffers from a different and, ultimately, fatal defect: She failed initially to name the proper defendant and, because she served the defendant Postal Service more than 30 days after receiving her "right-to-sue" letter, cannot now amend her complaint to name the correct party, the Postmaster General. Section 717(c) of Title VII, 42

U.S.C. § 2000e–16(c), provides that a federal employee must file her action within 30 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and "the head of the department, agency, or unit as appropriate, *shall* be the defendant." (emphasis supplied). Plaintiff does not dispute the government's assertion that the Postmaster General is the only proper party defendant in an employment discrimination action involving the Postal Service. *See Stewart v. U.S. Postal Service*, 649 F.Supp. 1531, 1533 (S.D.N.Y.1986). Rather, plaintiff seeks to amend the complaint under Fed.R. Civ.P. 15(c) to name the correct party.

■ In order for an amendment adding a new party to relate back to an original complaint under Rule 15(c), the new defendant must have had actual notice of the institution of the original action before the statute of limitations as to that new defendant has expired. Defendant, however, contends that any amendment to add the proper party would be barred because plaintiff failed to serve the complaint within the 30–day period mandated under Title VII.

■ It is uncontested that, although plaintiff filed her complaint on September 2, 1987, within 30 days of receiving her right-to-sue letter, she did not serve it until December 30, 1987. Plaintiff, however, argues that her service was effective, because it came within the 120–day requirement for service of process under Fed.R. Civ.P. 4(j). The Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), expressly rejected this argument, holding that Rule 15(c) requires service sufficient to give notice of the action to the correct party within the relevant limitations period. Plaintiff argues that *Schiavone* should not apply to *pro se* litigants. Although I agree that the result is harsh, I join every other court that has considered this question in finding that the language in *Schiavone* forecloses any liberal interpretation of Rule 15(c). *Williams v. Army and Air Force Exchange Serv.*, 830 F.2d 27, 29–30 (3rd Cir. 1987); *Bell v. Veterans Admin. Hospital,*

826 F.2d 357, 360 (5th Cir.1987); *Koucky v. Dep't. of the Navy,* 820 F.2d 300, 302 (9th Cir.1987) (Kennedy, J.); *Weisgal v. Smith,* 774 F.2d 1277, 1279–80 (4th Cir.1985); *Healy v. U.S. Postal Service,* 677 F.Supp. 1284, 1287–88 (E.D.N.Y.1987); *Stewart v. U.S. Postal Service,* 649 F.Supp. 1531, 1536 (S.D.N.Y.1986).

█ In response, plaintiff contends that the government is estopped from making this argument because its own right-to-sue letter led her to believe she need name only the agency or department. The government contends that equitable tolling is unavailable because the limitations period is jurisdictional. However, the 30-day limitations period has been held by an overwhelming majority of courts—including this one—to operate as a statute of limitations, which is subject to equitable estoppel principles, rather than as a jurisdictional bar, which is not. *See Byrne v. Golden,* No. 86–6475 slip op. at 8 (S.D.N.Y. October 7, 1988) [1988 WL 114156] (collecting cases).

█ Plaintiff argues that the letter's direction, *"YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT,"* (Vignola Aff., Exh. C at 4) (emphasis in original), can be read to mean that either the name of the agency or the name of the department head would suffice. This direction is certainly far from crystalline and plaintiff correctly notes that the EEOC would do well to consider using clearer language contained in the statute: "the head of the department, agency, or unit, as appropriate, shall be the defendant." Indeed, the Third Circuit in *Williams,* 830 F.2d at 31, suggested similar language and ordered that its opinion be sent to the relevant agencies. Best of all would be language that laymen would understand such as: "You must name as the defendant, either by title or by name, the *person* who is the head of the department, agency, or unit, as appropriate."

In *Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1982), the Supreme Court held that, at a minimum, affirmative misconduct must

be proved before the government may be estopped to contest the disbursement of benefits. The Supreme Court has not yet set a standard for estoppel against the government in cases such as the one at hand which would not threaten the public fisc—and, indeed, there is no indication its test would be any different from the one that applies when disbursement of benefits is at issue. The Third Circuit, for example, has posited a test of "active misrepresentation" in a case similar to the one at hand. *Williams,* 830 F.2d at 30.

I need not reach this question, however, because the circumstances of plaintiff's misapprehension show that estoppel would be inappropriate under any standard. Plaintiff's actions fail to show she was misled in the way she now suggests the EEOC letter is misleading. On the complaint, she listed as defendants both the "United States Postal Service Agency" and her department, "Maintenance." (Hughes Aff. at ¶ 20). But the only possible mistaken reading of the sentence is that it would permit a plaintiff to specify either the name of the agency or the name of the *head* of the department, but in no event the name of the department alone. Thus, this plaintiff's actual error—which was to name the agency and her department, but not the head of her department—could not have been induced by that sentence. To put it in other terms, the element of reliance is missing here.

Moreover, any ambiguity in that sentence was corrected by the rest of the paragraph, which states that "[f]ailure to provide the *NAME OR OFFICIAL TITLE* of the agency head, or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled." (emphasis in original). Plaintiff has failed to prove equitable estoppel. Thus, plaintiff's Title VII claim must be dismissed.

█ Her Rehabilitation Act claim also must be dismissed. Because the 1978 amendments to the Rehabilitation Act incorporate § 717 of Title VII as the exclusive basis for claims by federal employees, such plaintiffs must exhaust administrative

remedies and comply with § 717(c), which mandates that the agency head is the only proper party and that a complaint must be filed within 30 days of receiving a right-to-sue letter. *See Morgan v. U.S. Postal Service,* 798 F.2d 1162, 1165 & n. 3 (8th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); *Boyd v. U.S. Postal Service,* 752 F.2d 410 (9th Cir. 1985); *Johnson v. Orr,* 747 F.2d 1352, 1356–57 (10th Cir.1984); *Smith v. U.S. Postal Service,* 742 F.2d 257 (6th Cir.1984). Finally, plaintiff's § 1981 claim also must be dismissed because Title VII and the Rehabilitation Act provide the sole remedies for federal employees' allegations of employment discrimination. *Newbold v. U.S. Postal Service,* 614 F.2d 46, 47 (5th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).

Accordingly, plaintiff's complaint is dismissed with prejudice. In the hope that clearer language in the right-to-sue letter will prevent similar mistakes in the future, however, I am requesting the Assistant U.S. Attorney in this case to send copies of this opinion to the appropriate officials at the EEOC and the Postal Service.