**John E. RYS, Jr., Plaintiff, Appellant,**

v.

**U.S. POSTAL SERVICE, et al.,
Defendants, Appellees.**

No. 89–1234.

United States Court of Appeals,
First Circuit.

Heard Aug. 2, 1989.

Decided Sept. 26, 1989.

Fred A. McCoy, for plaintiff, appellant.

Dina Michael Chaitowitz, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Stephen E. Alpern, Associate General Counsel, U.S. Postal Service, and David G. Karro, Office of Labor Law, U.S. Postal Service were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, GARRITY,* Senior District Judge.

BOWNES, Circuit Judge.

John E. Rys, Jr., appeals from the district court's dismissal of his Title VII discrimination action against the United States Postal Service. *See* 42 U.S.C. § 2000e–16. The district court found that Rys had failed to sue the proper party within the 30–day time limit prescribed by 42 U.S.C. § 2000e–16(c). Rys acknowledges this failure but argues that the district court should have tolled the statute of limitations due to equitable considerations. We disagree and affirm the decision below.

## I. FACTS AND PROCEDURAL HISTORY

In 1978, Rys, a mailhandler employed by the United States Postal Service (USPS) at its Springfield Massachusetts Bulk Mail Center, injured his shoulder and back. This injury constrained his ability to lift heavy objects, and he was placed on limited duty status. Rys requested placement in an upper-level position but was denied the promotion. He filed two Equal Employment Opportunity (EEO) complaints alleging that he had been denied training for other positions because of his physical handicap.

The USPS attempted to resolve this dispute through internal investigation and negotiation, but on October 17, 1984, Rys filed a third EEO complaint restating his earlier allegations of discrimination based upon a physical handicap and adding a claim that he had been discriminated against in reprisal for his previous EEO

---

* Of the District of Massachusetts, sitting by desig-     nation.

actions. On November 18, 1985 the USPS concluded its internal examination of Rys' complaints and ruled that he had not been discriminated against by the Service.

Rys appealed this decision to the Equal Employment Opportunity Commission (EEOC). On September 29, 1987, the EEOC ruled that the USPS had not discriminated against Rys. The Commission held that: "[1] [appellant] cannot show that he is a 'handicapped person' under 29 C.F.R. § 1613.702(a) ... [2] appellant was not qualified for the [upper level] position since he did not meet the job requirement of having two years of general office experience ... a high school diploma or two years business experience ... [3] he failed to show that the selecting officials of the [upper level] position knew of his EEO activity ... [and] [4] the record shows that the agency articulated legitimate nondiscriminatory reasons for not selecting appellant to the position."

Appended to the EEOC decision was a Notice of Right to File a Civil Action that stated:

> You are hereby notified that the attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court *WITHIN THIRTY (30) DAYS* from the date that you receive this decision.... You are further notified that if you file a civil action, *YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT.* Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the *NAME OR OFFICIAL TITLE* of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, *not* the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action. (Emphasis and capitalization in original).

Rys filed the instant civil case on November 2, 1987, the final day of the 30–day statute of limitations period provided under 42 U.S.C. § 2000e–16(c). In the complaint, Rys named the following defendants: the USPS; John Steele, Division Manager/Postmaster, Springfield; Bernard Opitz, Jr., Acting Director, Control and Logistics; and Mark DeShais, Manager, Vehicle Operations. He did not name the Postmaster General of the United States who is the only statutorily appropriate defendant under 42 U.S.C. § 2000e–16(c). Rys served a copy of the complaint upon the United States Attorney's Office in Springfield, Massachusetts, the Attorney General of the United States and Messrs. Steele, Opitz and DeShais 120 days after Rys filed his initial complaint.[1] *See* Fed.R.Civ.P. 4 (allowing 120 days to provide service following the instigation of a civil action). Plaintiff never provided any notice to the Postmaster General.

The district court, upon motion of the USPS, dismissed Rys' claim because he failed to name the Postmaster General in his complaint. The court considered the possibility of equitably tolling the statute of limitations to allow Rys to include the Postmaster General in an amended complaint, but concluded that equity did not favor tolling.

This latter determination is the basis for this appeal: whether the district court erred in refusing to toll the 30–day statute of limitations period due to equitable considerations.[2]

## II. DISCUSSION

42 U.S.C. § 2000e–16(c) provides that a federal employee who wishes to pursue a

---

**1.** The USPS contends that Rys failed to serve anyone other than the United States Attorney within the 120–day period. For the purposes of this appeal we assume that Rys' service was timely.

**2.** Although this argument was not expressly raised by the *pro se* plaintiff below, it was the only issue decided by the district court. We believe the question is properly before us.

discrimination claim in district court must file her complaint within 30 days of receiving her right-to-sue letter from the EEOC. The section further provides that the "head of the department, agency, or unit, as appropriate, shall be the defendant." Both parties agree that in the case at bar the only appropriate defendant is the Postmaster General. *See Desroches v. United States Postal Serv.*, 631 F.Supp. 1375, 1378 (D.N.H.1986) (noting same). They also agree that Rys neither named nor served the Postmaster general within the relevant 30–day period. The contested issue is whether plaintiff may now amend his complaint under Fed.R.Civ.P. 15(c) to include the appropriate defendant.

Rule 15(c) [3] controls whether an amended complaint, which adds a necessary defendant but is filed after the limitations period has run, may "relate back" to the filing of the original complaint and thereby escape a timeliness objection. In *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) the Supreme Court examined Rule 15(c) and held that whether an amended complaint will relate back to the original filing is

> dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

As it is undisputed that Rys did not give notice to the Postmaster General within 30 days following his receipt of the EEOC's right-to-sue letter, plaintiff's claim is time barred unless equity steps in to toll the limitations period.

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court determined that the 90–day period for filing a Title VII claim against a private employer with the EEOC, *see* 42 U.S.C. § 2000e–5(e), was not jurisdictional but was, like a statute of limitations, subject to equitable modification. This circuit, and others, have extended the *Zipes* rationale to allow equitable modification of 42 U.S.C. § 2000e–5(f)(1)'s 90–day limit for filing private discrimination claims in federal district court following the conclusion of administrative proceedings. *See Rice v. New England College*, 676 F.2d 9, 10 (1st Cir. 1982); *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1054–55 (D.C.Cir.1988) (collecting cases).

There is a division in the circuits as to whether the filing period contained in 42 U.S.C. § 2000e–16(c), which requires that a federal employee file her claim in district court not later than 30 days following final administrative action, is jurisdictional or is subject to change through the equitable doctrines of estoppel, waiver and tolling. *See Stuckett v. United States Postal Serv.*, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White and Rehnquist, JJ., dissenting from the denial of certiorari on case presenting this question and collecting conflicting circuit authorities). A majority of circuit courts, focusing upon the remedial nature of Title VII, have ruled that the limitations periods contained in section 2000e–16(c) may be equitably modified. *See Ross v. United States Postal Serv.*, 814 F.2d 616, 617 (11th Cir.1987) (collecting 11th Circuit authorities); *Warren v. Dep't of the Army*, 867 F.2d 1156, 1158–59 (8th Cir.1989); *Williams v. Army and Air Force Exchange Serv.*, 830 F.2d 27, 30–31 (3rd Cir.1987); *Mondy*, 845 F.2d at 1054–

---

**3.** Fed.R.Civ.P. 15(c) provides:

(c) Relation Back of Amendments.... An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

57; *Martinez v. Orr*, 738 F.2d 1107, 1109–10 (10th Cir.1984). Other courts have been persuaded that because limited waivers of sovereign immunity must be narrowly construed, *see Lehman v. Nakshian*, 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981), when a Title VII action is lodged against the federal government, the filing periods are jurisdictional prerequisites to maintaining suit. *See Bell v. Veterans Admin. Hosp.*, 826 F.2d 357, 360–61 (5th Cir.1987) (citing *Eastland v. Tennessee Valley Auth.*, 553 F.2d 364, 368 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977)); *Koucky v. Dep't of the Navy*, 820 F.2d 300, 302 (9th Cir.1987); [4] *Paulk v. Dep't of the Air Force*, 830 F.2d 79, 81 (7th Cir.1987) (citing *Sims v. Heckler*, 725 F.2d 1143, 1145–46 (7th Cir.1984). We need not take a stand in the debate because even assuming that the limitations period is subject to equitable modification, we would not invoke it on the facts of this case.[5]

We begin our determination by noting that in this circuit, "[w]e hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989); *see also Earnhardt v. Commonwealth of Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982). The Supreme Court has delineated the following circumstances under which equitable modification may be granted to a Title VII plaintiff:

> [where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (citations omitted); *see Mondy*, 845 F.2d at 1057 (citing same factors); *Williams*, 830 F.2d at 30–31 (tolling available where plaintiff was "actively misled" by defendant); *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1480–81 (10th Cir.1988) ("[A] Title VII time limit will be tolled *only* if there has been 'active deception.'") (emphasis in original); *Martinez*, 738 F.2d at 1110 (same); *Jones v. Hodel*, 711 F.Supp. 1048, 1051 (D.Utah 1989) (same); *Hughes v. United States Postal Serv.*, 700 F.Supp. 779, 782 (S.D.N.Y.1988) (affirmative misconduct necessary to estop government from asserting its rights); *Edinboro v. Dep't of Health and Human Services*, 704 F.Supp. 364, 366 (S.D.N.Y.1988) (citing *Baldwin County* factors). In addition, to find succor in equity a Title VII plaintiff must have diligently pursued her claims. *See Baldwin County Welcome Center*, 466 U.S. at 151, 104 S.Ct. at 1726 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Martinez*, 738 F.2d at 1112; *Edinboro*, 704 F.Supp. at 366; *Daniel v. S.E.S. Dev. Co.*, 703 F.Supp. 601, 604 (N.D. Tex.1988).

In the case at bar, Rys argues that the 30–day filing period should be tolled because he was misled by a confusing sentence contained in the right-to-sue letter sent him by the EEOC. The letter states that a plaintiff may pursue his discrimination claim in federal district court following the conclusion of administrative proceedings. The letter instructs that the plaintiff has 30 days within which to file and that she must *"NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT."* Rys asserts that this sentence may be read in the

---

**4.** The 9th Circuit does allow equitable modification of certain filing periods under Title VII. *See, e.g., Boyd v. United States Postal Service,* 752 F.2d 410, 414 (9th Cir.1985).

**5.** In regard to the USPS, the issue may no longer be in dispute. As stated in the Brief for Appellees:

In light of *Loeffler v. Frank,* [486 U.S. 549, 108 S.Ct. 1965] 100 L.Ed.2d 549 (1988), the USPS has taken the position that with respect to Title VII discrimination claims against the USPS (as opposed to any other federal agency), the thirty-day period is similar to a statute of limitations, which may under appropriate circumstances be subject to equitable tolling.

disjunctive so that *either* the official agency *or* the department head would be appropriate defendants. To bolster this argument, he notes that the EEOC decision itself lists the USPS as the defendant in Rys' complaint. Although we agree that the EEOC letter may be unclear, especially to a *pro se* litigant, we cannot say that the equities favor tolling in this case.

Rys has not persuaded us that he was, in fact, misled by the EEOC's right-to-sue letter. Based upon his professed disjunctive reading of the letter, plaintiff contends that either the official agency or the department head would be appropriate defendants. Whatever lurking confusion might exist in other portions of the right-to-sue letter, "department" is clearly and unequivocally defined:

> (Please note: For this purpose, Department means the overall national organization, such as the now defunct, Department of Health, Education, and Welfare, *not* the local administrative department where you might work.) (Emphasis in original).

Rys named the USPS and three *local* department heads in his complaint. Had he relied upon and been misled by the EEOC letter, he would have named *only* the USPS. His inclusion of local department heads—in direct contravention to the EEOC's missive—belies his alleged reliance upon its instructions. *See Hughes,* 700 F.Supp. at 782 (denying similar argument where plaintiff had not relied upon EEOC's instructions in naming an improper defendant).

Nor do we find the EEOC letter to be as misleading as plaintiff suggests. When separated from its surrounding sentences, we agree that the indicted sentence can be read in the disjunctive. Placed in context with the rest of the paragraph, however, it is apparent that a plaintiff must name the head of an agency or department. The rest of the paragraph provides:

Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the *NAME OR OFFICIAL TITLE* of the agency head or, where appropriate the department head, may result in the loss of any judicial redress to which you may be entitled. (Emphasis in original).

We do not take issue with those courts that have criticized the choice of language in the EEOC letter. *See Warren,* 867 F.2d at 1160; *Williams,* 830 F.2d at 31; *Martinez,* 738 F.2d at 1111–12; *Lubniewski v. Dep't of the Navy,* 682 F.Supp. 462, 464 (N.D.Cal. 1988). Especially in Title VII actions where litigants often choose to proceed without the benefit of counsel, we too believe that the utmost clarity should be sought.[6] We state only our belief that when read in context, the sentence at issue is not as confusing as when it is examined on its own. *See Hughes,* 700 F.Supp. at 782 (noting same).

Finally, plaintiff's diligence in pursuing his claims must be considered. Rys waited until the final day of the 30–day filing period to institute this action. He waited until the final day of the 120–day period provided under Fed.R.Civ.P. 4 to effect service upon the United States Attorney, the Attorney General, and the defendants named in the complaint. Had Rys provided service to the United States Attorney or the Attorney General within the initial 30–day filing period following his receipt of the EEOC letter, he might have been allowed to amend his complaint under Fed.R. Civ.P. 15(c), which states:

> The delivery or mailing of process to the United States Attorney, or United States Attorney's designees, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement[s] of [notice to the new defendant without prejudice and of knowledge of the mistake made in the original pleading] with respect to the United

---

**6.** Although of little benefit to the instant plaintiff, we have learned that the EEOC has followed the urging of many courts and has reworded the challenged language to make it plain that the only appropriate defendant is the head of the national department or agency that employs the plaintiff.

States or any agency or officer thereof to be brought into the action as a defendant.

*See Paulk,* 830 F.2d at 81–83; *Johnson,* 861 F.2d at 1480–82 & n. 5. Had Rys served the individual defendants within the 30–day period, he might also have argued that their knowledge of his claim could be imputed to the Postmaster General because they all share an "identity of interest." [7] *See Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384 (discussing identity of interest exception to Rule 15(c)); *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979) (same); *Carver v. Casey,* 669 F.Supp. 412, 415–16 (S.D.Fla.1987) (same). Rys failed to serve anyone within the 30–day period, and, therefore, he cannot argue for either of these exceptions. *See Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384. Thus, although Rys did not exceed the relevant limitations periods, his delay in effecting service foreclosed two possible bases for amending his complaint. We are not convinced that he acted with the "utmost diligence" in pursuing his claims. *Martinez,* 738 F.2d at 1112.

We find that there was absent here the type of active governmental misconduct and diligence by the plaintiff that is necessary to invoke equity.

### III. CONCLUSION

We are mindful of the apparent harsh result in this case: a *pro se* litigant claiming discrimination has been denied his day in court. *See Williams,* 830 F.2d at 31 (noting same); *Edinboro,* 704 F.Supp. at 369 (same); *Stewart v. United States Postal Serv.,* 649 F.Supp. 1531, 1534–36 (S.D.N.Y.1986) (same); *Lubniewski,* 682 F.Supp. at 464 (same); *Carver,* 669 F.Supp. at 416 (same). There is, however, "no satisfactory basis for giving Title VII actions a special status under the Rules of Civil Procedure." *Baldwin County Welcome Center,* 466 U.S. at 150, 104 S.Ct. at 1725; *see Daniel,* 703 F.Supp. at 603. Rys failed to name the appropriate defendant in his com-

plaint, and he has not proven such active deception by the government and diligence by himself that would justify the invocation of an equitable exception to remedy his mistake. The judgment of the district court is

*AFFIRMED.* No costs.

---

7. We take no position on whether the defendants named in Rys' complaint in fact share an identity of interest with the Postmaster General.