905 F.2d 334
 55 Fair Empl.Prac.Cas. 1717,
57 Fair Empl.Prac.Cas. 1786,
54 Empl. Prac. Dec. P 40,045, 58 USLW 2741,
16 Fed.R.Serv.3d 1155
 William H. BREZOVSKI, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Postmaster General of the
United States, Anthony Frank, Officially;
Postmaster of Albuquerque, Rodney Smith,
Officially, Defendants-Appellees.
 No. 89-2176.
 United States Court of Appeals,
Tenth Circuit.
 June 11, 1990.
 
 Ruth B. Cohen, Albuquerque, N.M., for plaintiff-appellant.
 William L. Lutz, U.S. Atty., and L.D. Harris, Asst. U.S. Atty., D. N.M., Albuquerque, N.M., Jesse L. Butler, Asst. Gen. Counsel, and Joan C. Goodrich, Atty., Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.
 Before LOGAN, JONES,* and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's dismissal of his claims, asserted pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Secs. 701-796i (1982), alleging the United States Postal Service (USPS) unlawfully terminated plaintiff's employment because of his mental handicap, described by plaintiff as nervousness.[1] The district court dismissed plaintiff's claims for failure to file a timely complaint against the proper defendant.
 
 
 2
 Plaintiff initially challenged his termination through available administrative procedures. On September 10, 1987, the Equal Employment Opportunity Commission (EEOC) issued a final determination affirming the decision of the USPS to reject plaintiff's administrative complaint as untimely. Along with its final decision, the EEOC issued plaintiff a right to sue letter, notifying plaintiff he had thirty days from the date he received the EEOC's final decision to file a civil action in federal court. See 42 U.S.C. Sec. 2000e-16(c) (1982).[2] Plaintiff received the EEOC's notice and final decision September 15, 1987, and, acting pro se, timely filed a complaint with the district court October 14, 1987, naming the USPS as the defendant. Pursuant to 42 U.S.C. Sec. 2000e-16(c) (1982), however, the head of the agency, the United States Postmaster General, was the only proper defendant. See Johnson, 861 F.2d at 1478.
 
 
 3
 Plaintiff effected service by mail on both the United States Attorney for the District of New Mexico and the Albuquerque Post Office and Management Sectional Center on December 21, 1987. Plaintiff thereafter obtained counsel, who amended the complaint, on February 10, 1988, to include as defendants the United States Postmaster General and the Postmaster General of Albuquerque.
 
 
 4
 Plaintiff's failure to name the proper defendant in the original complaint will bar this action unless the amendment to the complaint adding the United States Postmaster General relates back to the original date of filing under Fed.R.Civ.P. 15(c). See id.; see also Warren v. Department of Army, 867 F.2d 1156, 1158 (8th Cir.1989). An amendment to add the proper defendant will relate back to the date of filing the original complaint if all of the following four requirements are met:
 
 
 5
 "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period."
 
 
 6
 Johnson, 861 F.2d at 1479 (quoting Schiavone v. Fortune, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986)). Plaintiff's amendment of the complaint to add the United States Postmaster General satisfied the first requirement. Further, plaintiff's service of the United States Attorney for the District of New Mexico was sufficient to meet the second and third requirements. See Johnson, 861 F.2d at 1480 n. 5.
 
 
 7
 In order to meet the fourth requirement, however, notice to the United States Attorney must have been effected within the limitations period for commencing the action. See id. It is undisputed that plaintiff did not mail the summons and complaint to the United States Attorney until December 21, 1987, beyond the thirty-day time period for filing a civil action. See 42 U.S.C. Sec. 2000e-16(c) (1982). Nonetheless, plaintiff argues that the time period for filing this civil action should be tolled because the language in the EEOC's right to sue notice misled plaintiff into naming the USPS, rather than the United States Postmaster General, as the defendant.
 
 
 8
 The thirty-day time period for filing a civil action under the Rehabilitation Act is not jurisdictional and may be subject to equitable tolling. Johnson, 861 F.2d at 1480 (quoting Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984)). This time limitation will be tolled
 
 
 9
 "only where the circumstances of the case rise to a level of 'active deception' sufficient to invoke the powers of equity. For instance, equitable tolling may be appropriate where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.' Likewise, if a plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights,' we will permit tolling of the limitations period."
 
 
 10
 Martinez, 738 F.2d at 1110 (citations omitted); see also Warren, 867 F.2d at 1159-60 (Supreme Court has suggested courts may toll a limitations period when a claimant has received inadequate notice, when a motion for appointment of counsel is pending and equity would justify tolling limitations period until motion is resolved, when the court has led plaintiff to believe he has done everything required, or when affirmative misconduct on the part of a defendant lulled plaintiff into inaction, quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984)).
 
 
 11
 In this opinion we consider only one equitable consideration, whether the EEOC notice misled the claimant sufficiently that the district court should not have dismissed the complaint for failing to serve timely the proper defendant. The right to sue notice plaintiff received from the EEOC stated
 
 
 12
 "You are further notified that if you file a civil action, YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT. Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the NAME OR OFFICIAL TITLE of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, not the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action."
 
 
 13
 I R., Doc. 7, Exh. 9 (emphasis in original). Plaintiff argues this language reasonably can be read to require a plaintiff to name either the official agency or the head of the department as the defendant.
 
 
 14
 Two circuits have considered whether this language in the EEOC right to sue notice is misleading. The First Circuit, in Rys v. United States Postal Service, 886 F.2d 443, 447 (1st Cir.1989), determined that "[w]hen separated from its surrounding sentences, ... the indicted sentence can be read in the disjunctive." However, the court also concluded that "when read in context, the sentence at issue is not as confusing as when it is examined on its own." Id. Despite its conclusion that the EEOC letter "may be unclear," the court found that the equities did not favor tolling in the case before it, largely because "Rys has not persuaded us that he was, in fact, misled by the EEOC's right-to-sue letter." Id.[3]
 
 
 15
 The Eighth Circuit, in Warren v. Department of Army, 867 F.2d 1156 (8th Cir.1989), determined that this same language in the EEOC notice "can be read as requiring the plaintiff to name either the agency or its head; it is unclear whether 'head' modifies only 'department' or also 'agency,' and the remainder of the letter leaves this ambiguity unresolved." Id. at 1160. The court concluded that the language in the right to sue notice misled the plaintiff into believing he had done everything required of him when he filed a complaint naming only the Department of the Army as a defendant. Id. The Eighth Circuit noted that that fact alone might justify tolling the limitations period, but also relied upon the fact that the plaintiff's motion for appointment of counsel and application to proceed in forma pauperis remained pending before the district court for more than thirty days, thus delaying service of the complaint until after the expiration of the thirty-day limitations period, to justify tolling the limitations period. Id.
 
 
 16
 The misleading nature of this language in the right to sue letter has been criticized, in dicta, by a number of courts. See Williams v. Army and Air Force Exch. Serv., 830 F.2d 27, 31 (3d Cir.1987) (strongly urging agencies to notify plaintiffs, in right to sue letter, of specific title of the proper defendant); Lubniewski v. Department of Navy, 682 F.Supp. 462, 464 (N.D.Cal.1988) (loss of litigant's federal cause of action due to confusion created by language of right to sue letter scandalous), aff'd in part, rev'd in part, 891 F.2d 216 (9th Cir.1989); Saccardo v. United States Postal Serv., 51 Fair Empl.Prac.Cas. (BNA) 424, 427 n. 1, 1989 WL 119174 (D.Mass.1989) ("It is unfortunate that the EEOC is apparently unable to state the simple requirement contained in Sec. 2000e-16(c) in plain and readily understood English."); cf. Mondy v. Secretary of the Army, 845 F.2d 1051, 1052 n. 1 (D.C.Cir.1988) (language of 42 U.S.C. Sec. 2000e-16(c), requiring plaintiff to name "head of the department, agency, or unit, as appropriate," unenlightening and of little guidance to litigants).
 
 
 17
 We agree with the Eighth Circuit that the challenged language in the right to sue letter reasonably can be read either as requiring a plaintiff to name the official agency or the head of the department as the defendant, or as requiring a plaintiff to name the agency head or the department head as the defendant. The remainder of the right to sue letter does not clarify this ambiguity. See Warren, 867 F.2d at 1160; but see Rys, 886 F.2d at 447. This language in the right to sue letter was sufficiently misleading to justify tolling the thirty-day limitations period in this case and, therefore, plaintiff's amendment of the complaint to add the United States Postmaster General as a defendant will relate back to the filing of the original complaint. The district court, thus, erred in dismissing plaintiff's Rehabilitation Act claims on the basis of the reason stated, failure to file timely against the proper defendant.
 
 
 18
 On appeal, defendant asserts several alternate grounds for affirming the district court's dismissal. We do not consider these issues because they are more appropriately addressed in the first instance by the district court.
 
 
 19
 The judgment of the United States District Court for the District of New Mexico is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion. While plaintiff is entitled to an award of costs on appeal, Fed.R.App.P. 39; 29 U.S.C. Sec. 794a(a)(1) (1982) (incorporating 42 U.S.C. Sec. 2000e-5(k) (1982)), because plaintiff has not yet established that he is entitled to relief on the merits of his claims, plaintiff's request for an award of attorneys' fees at this juncture is DENIED. See Hanrahan v. Hampton, 446 U.S. 754, 756-58, 100 S.Ct. 1987, 1988-89, 64 L.Ed.2d 670 (1980).
 
 
 
 *
 Honorable Nathaniel R. Jones, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Pursuant to 29 U.S.C. Sec. 794a(a)(1) (1982), Title VII procedural requirements, including the thirty-day time period in which to file a civil action, 42 U.S.C. Sec. 2000e-16(c) (1982), are applicable to claims asserted under the Rehabilitation Act. See Johnson v. United States Postal Serv., 861 F.2d 1475, 1477-78 (10th Cir.1988), cert. denied, --- U.S. ----, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989)
 
 
 [3]
 In Rys, the plaintiff initially named both the USPS and three local department heads as defendants. 886 F.2d at 447. The First Circuit noted that "[h]ad [the plaintiff] relied upon and been misled by the EEOC letter, he would have named only the USPS. His inclusion of local department heads--in direct contravention to the EEOC's missive--belies his alleged reliance upon its instructions." Id. (emphasis in original). In the instant appeal, however, plaintiff named only the USPS as a defendant, consistent with his claim that he was misled by the language of the right to sue letter