USCA1 Opinion

 

 October 25, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1801 AKRAM AL-WARDI, Plaintiff, Appellant, v. COMMAND AIRWAYS/AMERICAN EAGLE, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Akram Al-Wardi on brief pro se. ______________ John C. Kane, Jr., Robert B. Gordon and Ropes & Gray on brief for _________________ ________________ ____________ appellee. ____________________ ____________________ Per Curiam. Akram Al-wardi, a pilot with Command __________ Airways/American Eagle, was terminated from his employment on February 1, 1991. He had failed to report to work on January 22, 1991 and falsely claimed that he timely called in sick prior to his reporting time. He filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), alleging that his discharge was a pretext for discrimination on the basis of his national origin. Al-wardi is a naturalized United States citizen, who was born in Iraq. The EEOC found no violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (Title VII). It issued a right-to-sue letter, which Al-wardi received on May 3, 1993. That letter unambiguously informed Al-wardi that he had 90 days in which to file a federal lawsuit. The 90-day period expired on Sunday, August 1, 1993. A lawsuit, therefore, would have been timely if filed on Monday, August 2. Al-wardi filed a complaint in federal district court on Tuesday, August 3. Timeliness was not Al- wardi's only problem. The lawsuit alleged only a violation of 42 U.S.C. 1981, which Al-wardi now concedes is not an appropriate basis for his claim. Section 1981 reaches racial ______ discrimination. While racial discrimination encompasses discrimination based on ancestry or ethnic characteristics for purposes of 1981 protection, Saint Francis College v. ______________________ Al-Khazraji, 481 U.S. 604, 613 (1987), Al-wardi did not ___________ allege discrimination based on his being an Arab. Rather, his claim of discrimination was solely based on his place of origin, Iraq - a claim not covered by 1981. Id.1 ___ Command Airways moved to dismiss and, in response, Al- wardi moved for leave to amend his complaint to assert a Title VII claim. The district court held a hearing, at which time it concluded that amendment to assert a Title VII claim would be futile because the complaint, in any event, was untimely and there were no equitable grounds for tolling the 90-day filing period. It denied Al-wardi leave to amend and granted Command Airways' motion to dismiss. Al-wardi has appealed. We affirm. The district court correctly recognized that the 90-day filing period is not jurisdictional and is subject to equitable tolling. Irwin v. Dep't of Veterans Affairs, 498 _____ __________________________ U.S. 89, 95 (1990). During the period between receipt of the EEOC right-to-sue letter and the filing of his complaint, Al- wardi says that he attempted to obtain an attorney but was unable to pay the fees quoted and that he then mailed his complaint pro se on Monday, August 2, believing that if mailed within 90 days the complaint would be timely. ____________________ 1. Further, as Al-wardi was discharged from employment prior to the effective date of 101 of the Civil Rights Acts of 1991, which defines the term "make and enforce contracts" as used in 1981 to include the termination of contracts, that provision is inapplicable to him. See Rivers v. Roadway ___ ______ _______ Express, Inc., 114 S. Ct. 1510 (1994). _____________ -3- The district court was not clearly erroneous when it concluded that those factors do not carry sufficient equitable weight. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. ____________________________ _____ 147, 151 (1984) (declining to find equitable tolling applicable where pro se Title VII claimant failed timely to file complaint despite being informed by the right-to-sue letter and twice by the district court of the 90-day filing period). The Court in Baldwin County Welcome Ctr. _______________________________ distinguished cases where a claimant had received inadequate notice, a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, the court had led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. Id. That a defendant ___ may not have been prejudiced by an untimely filing is irrelevant in the absence of any factor justifying equitable tolling. Id. at 152. ___ We, too, "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." Rys v. U.S. Postal Serv., ___ _________________ 886 F.2d 443, 446 (1st Cir. 1989) (quoting Mack v. Great ____ _____ Atlantic and Pacific Tea Co., 871 F.2d 179, 185 (1st Cir. _____________________________ 1989)). In Rys, we found no error in the district court's ___ -4- refusal to toll the (then applicable 30-day) filing period and permit amendment of complaint where a pro se claimant filed a timely complaint, but one which failed to name the proper defendant. Rys v. U.S. Postal Serv., 886 F.2d at 444- ___ _________________ 48. We were unpersuaded that the claimant was misled by the notice in the right-to-sue letter and unconvinced that he had acted with diligence in pursuing his claim when he waited until the final day of the 30-day filing period to institute the action and until the final day of the 120-day period provided in Fed. R. Civ. P. 4 to effect service. Id. at 447- ___ 48. In the instant case, the district court concluded that, as Al-wardi conceded, this case is not one where either the court or the defendant misled or lulled him into inaction during the 90-day period and the notice in the right-to-sue letter is clear and adequate. In light of precedent, the district court correctly dismissed the complaint. Al-wardi raises one additional point. The district court apparently did not consider, presumably because no one pointed it out, that the 90th day fell on Sunday, August 1, so the complaint would have been timely in this case if filed on the 91st day, which was Monday, August 2. It was not filed on Monday, however. Rather, it was mailed on Monday and filed on Tuesday. -5- Al-wardi, for the first time in his appellate brief, points out that the 90th day was a Sunday and suggests that the district court would not have dismissed his complaint if it had realized this. This is not so. The complaint was untimely filed. Despite this, the court considered the existence of equitable tolling factors and correctly found none. The equities do not change even if the complaint was only one day late, rather than two days late as apparently assumed by the court. "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Rice v. New England ____ ____________ College, 676 F.2d 9, 11 (1st Cir. 1982). _______ For the reasons stated herein, the order of the district court dismissing the complaint is affirmed. _________ -6-