Tsetseranos v. Tech Prototype        CV-93-676-SD  03/23/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Cheryl Tsetseranos

        v.                                        Civil No. 93-676-SD

Tech Prototype, Inc.


O R D E R


In this action for employment discrimination, plaintiff
Cheryl Tsetseranos[1] asserts claims against her former employer,
Tech Prototype, Inc., for violations of the Pregnancy
Discrimination Act (Title VII), 42 U.S.C. § 2000e(k), and the
Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.
Plaintiff also asserts state law claims for unlawful
discrimination and wrongful discharge.

Presently before the court are (1) defendant's motion to
dismiss plaintiff's Title VII and ADA claims under Rule 12(b)(6),
Fed. R. Civ. P., and (2) defendant's motion to strike.  Plaintiff
objects to both motions.

---

[1]The record indicates that plaintiff married and changed her
name from Cheryl Tsetseranos to Cheryl Jeffrey after filing this
action.  However, no motion to change plaintiff's name in this
action has been filed by plaintiff.

<u>Discussion</u>

<u>1.  Defendant's Motion to Strike</u>

Defendant moves to strike the postal records submitted by plaintiff in response to defendant's motion to dismiss. Defendant asserts that said records should be stricken as immaterial and irrelevant because defendant's previous motion to compel the inspection of plaintiff's postal records was denied.

The court's review of defendant's motion to compel and the court's order denying same show that the motion was denied because the information sought by defendants had been otherwise provided in a letter from the Equal Employment Opportunity Commission (EEOC or Commission).  Further, the court finds that the postal records now at issue fall outside the scope of defendant's previous inspection request.  Defendant's motion to strike said records is accordingly denied.


<u>2.  Defendant's Motion to Dismiss</u>

<u>     a.  Rule 12(b)(6) Standard</u>

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S.

2

232, 236 (1974).

In reviewing the sufficiency of a complaint, the court accepts "the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992). Applying this standard, the court will grant a motion to dismiss "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Id. (quoting Correa-Martinez v. Arrilaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

"Ordinarily . . . any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the [Rule 12(b)(6)] proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). See Rule 12(b), Fed. R. Civ. P. (when "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56"). "However, courts have made narrow exceptions for documents the authenticity of which are not

3

disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, supra, 987 F.2d at 3.

Further,

> [a] finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since . . . the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason-- requiring notice so that the party against whom the motion to dismiss is made may respond--that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, ___ U.S. ___, 112 S. Ct. 1561 (1992).

Attached to defendant's motion are a letter acknowledging the EEOC's receipt of plaintiff's charge of discrimination, plaintiff's charge of discrimination, a copy of the right-to-sue letter issued to plaintiff, and a copy of the envelope marked "Moved Not Forwarded" in which the right-to-sue letter was mailed to plaintiff by the EEOC. The court finds that these documents contain information of which plaintiff has actual knowledge and

4

that the documents are central to plaintiff's Title VII and ADA claims. The court will therefore consider said documents without converting defendant's motion into one for summary judgment.

### b. 90-Day Filing Requirement

Defendant moves to dismiss plaintiff's Title VII and ADA claims on the ground that plaintiff did not file suit within 90 days of the EEOC's January 30, 1993, issuance of a right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1) (1994).[2]

Plaintiff contends that her Title VII and ADA claims are timely because she did not receive the right-to-sue letter until October 25, 1993, when her attorney received a copy of the letter from the EEOC.[3]

The 90-day period set forth in 42 U.S.C. § 2000e-5(f)(1) for filing a Title VII or an ADA claim against a private employer is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World

---

[2]Section 2000e-5(f)(1) provides, in relevant part, that if a charge of discrimination filed with the Commission "is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . ." Plaintiff's ADA claim is subject to section 2000e-5(f)(1) pursuant to 42 U.S.C. § 12117(a) (Supp. 1994).

[3]Plaintiff's complaint was filed with this court on December 29, 1993.

5

Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted). See also Rys v. United States Postal Serv., 886 F.2d 443, 445 (1st Cir. 1989). The court notes, however, that the First Circuit "hew[s] to a 'narrow view' of equitable exceptions to Title VII limitations periods . . . ." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 185 (1st Cir. 1989).

The doctrine of equitable tolling may be applied where the plaintiff did not receive adequate notice of the statutory period. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam); Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir.), cert. denied, ___ U.S. ___, 113 S. Ct. 196 (1992). "Courts have been generally unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" Scholar, supra, 963 F.2d at 268 (quoting Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990)). See also Rys, supra, 886 F.2d at 446 ("to find succor in equity a Title VII plaintiff must have diligently pursued her claims").

Under the equitable doctrine known as the "fault doctrine," "a plaintiff must take reasonable steps to ensure her actual receipt of a right to sue letter; otherwise, she will be deemed to receive the letter when it arrives at the most recent address that she provided to the EEOC." O'Neal v. Marine Midland Bank,

6

N.A., 848 F. Supp. 413, 418 (S.D.N.Y. 1994) (footnote and citations omitted). "[T]he fault doctrine requires that a claimant take all 'reasonable steps to ensure that [she will] receive mail.'" Id. (quoting St. Louis v. Alverno College, 744 F.d 1314, 1317 (7th Cir. 1984)). Thus, a plaintiff will not be heard to complain about failing to receive a right-to-sue letter "unless the plaintiff has assumed the minimal 'burden of advising the EEOC of address changes or . . . [taken] other reasonable steps to ensure delivery of the notice to his current address.'" Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991) (quoting Lewis v. Connors Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982)); Scholar, supra, 963 F.2d at 267.

In this case, plaintiff filed a charge of discrimination against Tech Prototype with the New Hampshire Commission for Human Rights (NHCHR) on February 17, 1993. In a letter accompanying the charge, Attorney Linda S. Johnson advised the NHCHR that she was representing Tsetseranos and requested that NHCHR "keep [her] advised as to further developments." Letter from Johnson to NHCHR dated Feb. 12, 1993 (attached to Plaintiff's Objection as Exhibit A). The EEOC acknowledged plaintiff's filing of a charge of discrimination with the NHCHR in a letter dated March 11, 1993. Letter from EEOC to Tsetseranos (attached to Defendant's Motion as Exhibit A).

7

By letter dated June 17, 1993, Attorney Johnson requested, on Tsetseranos's behalf, that the NHCHR issue a notice of right-to-sue letter.  Letter from Johnson to John Corrigan (Plaintiff's Exhibit B).  Plaintiff's case was subsequently "waived" to the EEOC, and Attorney Johnson was notified in a letter dated July 21, 1993, that she must request a right-to-sue letter directly from the EEOC.  Letter from Corrigan to Johnson (Plaintiff's Exhibit D).  Attorney Johnson made that request in a letter dated July 27, 1993, in which she stated, "I would appreciate receiving such a letter at your earliest convenience." Letter from Johnson to Charles Looney, EEOC (Plaintiff's Exhibit E).

On July 30, 1993, the EEOC issued the requested notice of right-to-sue letter.  The notice was sent to Tsetseranos at the Manchester, New Hampshire, address Tsetseranos provided on the charge of discrimination she had filed five months earlier.  See Notice of Right to Sue (Defendant's Exhibit C).  The EEOC did not send a copy of the notice to Attorney Johnson.

Plaintiff never received the notice mailed to her on July 30, 1993.  Instead, the notice was returned to the EEOC on August 6, 1993, and marked, "MOVED NOT FORWARDABLE" by the Post Office.  See Envelope (Defendant's Exhibit D).  Plaintiff acknowledges that she moved from Manchester to Londonderry, New

8

Hampshire, on or about April 11, 1993. Affidavit of Cheryl Tsetseranos (Jeffrey) ¶ 2 (Defendant's Exhibit E). Plaintiff concedes that she "did not personally notify" the EEOC of her change of address, but further states, "I was under the impression that if I changed my address through the post office, that that would be sufficient enough."[4] Deposition of Cheryl Jeffrey at 109 (Defendant's Exhibit E).

By letter dated September 13, 1993, Attorney Johnson contacted the EEOC and, referencing her July 27 request for a right-to-sue letter in the Tsetseranos matter, stated, "I would appreciate receiving such a letter at your earliest convenience." Letter from Johnson to Ann Giantonio, EEOC (Plaintiff's Exhibit F). Attorney Johnson received no response from the EEOC until the Commission sent her a letter dated October 22, 1993, informing her that her client's copy of the notice "was returned, by the U.S. Postal Service for "Moved Not Forwardable." Letter from Robert L. Sanders, EEOC Acting Area Director, to Johnson (Plaintiff's Exhibit G). The letter was accompanied by a copy of the Notice of Right to Sue letter dated July 30, 1993. Attorney Johnson received the October 22, 1993, letter and the attached notice on October 25, 1993.

---

[4]The relevant post office records reveal that plaintiff notified the post office of her change of address on April 15, 1993. Affidavit of Colleen S. Foster (Plaintiff's Exhibit H).

It is undisputed that plaintiff failed to notify the EEOC directly of her change of address in April of 1992, despite having been notified that she was required to inform the EEOC of any change in address or prolonged absence from her current address.[5]

However, plaintiff did take certain other steps to ensure that she would receive her notice of right-to-sue letter. First, plaintiff notified the post office of her change of address in a timely manner so that her mail would be forwarded to her new address. Second, and more importantly, Attorney Johnson informed the EEOC that she was representing plaintiff in February of 1993 when plaintiff filed her charge of discrimination. Further, when Attorney Johnson requested that the EEOC issue a right-to-sue letter, she also requested that the EEOC send her a copy of the notice. Plaintiff's Exhibit E ("I would appreciate receiving such a letter at your earliest convenience."). When Attorney Johnson did not receive the requested letter, she followed up with a second letter to the EEOC, in which she again requested that she be sent a copy of the letter. Plaintiff's Exhibit F. Attorney Johnson did not receive any response to her requests

_____

[5]Plaintiff was notified of this requirement when she filed her charge of discrimination and in the letter she received from the EEOC dated March 11, 1993. See Defendant's Exhibit A; Defendant's Exhibit B.

10

until October 25, 1993.

Under the circumstances of this case, the court finds that plaintiff, through her own conduct and that of her attorney, took reasonable steps to ensure receipt of the right-to-sue letter from the EEOC. The court further finds that, despite the reasonable steps taken by plaintiff to ensure receipt, plaintiff did not receive notice of her right-to-sue letter until Attorney Johnson received a copy of the notice of right-to-sue letter on October 25, 1993. Accordingly, the court rules that the 90-day time period for plaintiff to file her Title VII and ADA claims did not begin to run until October 25, 1993, and finds that plaintiff's claims, filed December 29, 1993, were timely. Defendant's motion to dismiss (document 9) is therefore denied.

Conclusion

For the reasons set forth herein, defendant's motion to strike (document 11) is denied, and defendant's motion to dismiss (document 9) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 23, 1995

cc:  Robert E. Jauron, Esq.
     Randall E. Wilbert, Esq.

11